Memorandum.
Although the scope of appeal in a criminal case after a guilty plea is narrowly limited, one of the questions reviewable by an Appellate Division is the severity of sentence. "Where the defendant is still actually serving under a sentence claimed to be excessive, he may raise that question on appeal. Within People v. Lynn (28 N Y 2d 196 [1971]) this, would be regarded as a “ viable claim ” in an application pursuant to People v. Montgomery (24 N Y 2d 130) to reimpose judgment to revive the right to appeal.
Appellant here is presently serving under the maximum sentence imposed. Upon appeal, the Appellate Division could consider the propriety of this sentence. The hearing Judge denied Montgomery relief and the Appellate Division affirmed. This *584 is not a determination on the merits of the claim of excessive sentence nor is it a determination that the Appellate Division would not reduce the sentence — a question which the hearing Judge could not, and the Appellate Division reviewing here did not, consider. It is a determination that no appealable issue was shown by appellant.
The merits of the claimed excessive sentence would, however, be the subject of proper review in which the Appellate Division could either affirm or modify within its own discretion.
The order should be reversed and resentence imposed pursuant to People v. Montgomery (24 N Y 2d 130, supra).
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur; Judge Burke dissents and votes to affirm.
Order reversed and case remitted to Supreme Court, New York County, for further proceedings in accordance with the memorandum herein.