■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MABEL P. WHITNEY, Appellant. — Appeal from a judgment of the County Court of Albany

County (Harris, J.), rendered April 21, 1981, convicting defendant upon her plea of guilty of the crime of manslaughter in the second degree. As a result of an incident which allegedly occurred at approximately 1:00 A.M. on November 14, 1980 at 18 Pierce Street in the Town of Colonie, Albany County, wherein one James Connors was shot to death by means of a .45 calibre handgun, defendant and her husband were each indicted on two counts of murder in the second degree (Penal Law, § 125.25, subds 1, 3). Although the factual background of the incident is somewhat unclear from the record, it appears that there was a confrontation in Connors' home between Connors and defendant and her husband during which defendant went to Connors' bedroom and returned with a handgun which she threw to her husband who, in turn, used it to shoot and kill Connors. While defendant at times maintained that the shooting was done in self-defense and was, therefore, justified, she ultimately expressly waived the justification defense and all other defenses and was permitted to plead guilty to the crime of manslaughter in the second degree, a class C felony, in full satisfaction of the indictment against her. She was then sentenced to an indeterminate term of imprisonment of not more than 15 nor less than 5 years, and the present appeal ensued. The challenged judgment should be affirmed, and initially it should be noted that under the circumstances of this case the police had probable cause to arrest and detain defendant and her husband for questioning about the homicide. Not only were defendant and her husband admittedly present at the shooting of Connors, but they had concealed themselves in a garage at the Connors' residence and were not discovered there by the police until after the police had been conducting an investigation at the scene for approximately an hour. Additionally, defendant gave the police implausible and conflicting versions of how the murder was allegedly perpetrated by two strangers using the victim's own gun. Defendant's remaining arguments are likewise unpersuasive. Ample evidence in the record supports the court's ruling that defendant freely and voluntarily gave the police a statement after she had been properly advised of her *Miranda* rights, and the court did not err in refusing to suppress evidence seized by the police. Defendant's gloves were taken during an inventory search of defendant, her pocketbook and sweater were taken as abandoned property from a field at the end of the street, and defendant lacked standing to challenge the seizure of items found on the victim's property. From a reading of the plea minutes it is likewise clear that defendant entered her guilty plea knowingly and voluntarily as part of a bargained agreement, and the absence of a factual basis for the particular crime confessed is, under these circumstances, not significant (*People v Francis,* 38 NY2d 150). Lastly, defendant's assertion that she was deprived of effective assistance of counsel lacks support in the record, and the court did not abuse its discretion in imposing sentence, but rather extended defendant mercy by accepting her plea to the lesser class C felony. Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.