■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. PAIGE, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 2, 1981, convicting defendant upon his plea of guilty of the crime of attempted arson in the second degree. As a result of an incident which occurred at approximately 10:30 P.M. on January 7, 1980 at 2-3 Central Avenue in the City of Albany wherein defendant allegedly intentionally set fire to a building when another person who was not a participant in the crime was present in the building and defendant knew of the person's presence or the circumstances were such as to render the presence of such other person therein a reasonable possibility, defendant was indicted for the crime of arson in the second degree, a class B felony (Penal Law, § 150.15). He was thereafter permitted to plead guilty to the crime of attempted arson in the second degree, a class C felony (see Penal Law, §§ 110.00, 110.05) in full satisfaction of the indictment and was then sentenced to an indeterminate term of imprisonment of three to nine years, said term to run concurrently with a sentence defendant had previously received for a prior offense. On this appeal defendant's initial contention that his guilty plea should not have been accepted because his culpability was not adequately demonstrated is plainly lacking in substance. Defendant's statement to the court that he intentionally aided and abetted another in setting the fire (see Penal Law, § 20.00) and that he knew or should have known the building in question was occupied at the time provides a sufficient factual basis for the plea. Moreover, even without such a factual basis the plea was properly accepted because a reading of the plea minutes reveals that defendant entered his plea knowingly and voluntarily as part of a bargained agreement (*People v Whitney*, 90 AD2d 640). Defendant's remaining contention that his sentence was excessive and unduly harsh is similarly without merit. He was extended leniency by the acceptance of his plea to a reduced charge, and the term imposed was well within the statutory guidelines for a class C felony (Penal Law, § 70.00, subd 2, par [c]; subd 3, par [b]). Furthermore, the sentence was in accord with the cited plea bargain agreement and with the presentence report, and under all the circumstances presented no abuse of discretion by the sentencing court has been shown (*People v Miller*, 74 AD2d 961, mot for lv to app den 50 NY2d 1003). Judgment affirmed. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.