■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL ALVARADO, Appellant.—Main, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 5, 1983, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fourth degree.

On September 21, 1982, a Grand Jury returned a two-count indictment charging defendant with criminal possession of a controlled substance in both the third and fourth degrees, class B and C felonies, respectively. Following negotiations between the District Attorney, defendant and his counsel, the former moved to reduce the second count of the indictment to attempted criminal possession of a controlled substance in the fourth degree, a class D felony, and urged that a plea thereto be accepted in full satisfaction of the indictment. Prior to granting the motion and accepting the plea, County Court thoroughly instructed defendant as to his rights and options and advised defendant that if he pleaded to the reduced charge, he would receive a prison sentence no greater than one having as its minimum 2⅓ years and as its maximum 7 years. County Court further advised that the precise sentence would have to await its examination of the presentence report and consideration of counsel's remarks at sentencing. After consultation with his attorney, defendant expressed his desire to plead guilty. The motion of the District Attorney was granted and defendant's plea to the reduced charge was accepted. Later, defendant was sentenced to a prison term of 2⅓ to 7 years.

Defendant now appeals upon the sole ground that the sentence was unduly harsh and excessive. We first observe that CPL 450.10, to the extent that it impaired an appeal as of right, has been found to be violative of the NY Constitution *(People v Pollenz,* 67 NY2d 264) and, accordingly, we turn to the merits.

Prefatorily, the sentence imposed was within permissible limits (Penal Law § 220.09 [1]; §§ 110.00, 70.00 [2] [d]). That leniency was extended is clearly demonstrated by the grant of the motion to reduce the charge and by acceptance of the plea to the reduced charge in full satisfaction of the indictment *(see, People v Bass,* 92 AD2d 1062). Any and all commitments

to defendant were fully complied with. Given these circumstances, defendant's unenviable record and the quantity of heroin involved, it cannot be said that County Court abused its discretion, and no extraordinary circumstances warranting our interference with the sentence have been demonstrated *(see, People v Whiting,* 89 AD2d 694; *People v Harris,* 57 AD2d 663).

Judgment affirmed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.