■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX OWENS, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered January 29, 1990, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Defendant contends that the 8⅓ to 25-year prison sentence imposed upon his conviction of manslaughter in the first degree is excessive and should be reduced in the interest of justice. We disagree.

Following the death of defendant's mother as a result of gunshot wounds inflicted by defendant when she surprised him in the act of burglarizing the house she shared with her boyfriend, defendant was indicted on a number of charges, including murder in the second degree. A plea bargain resulted in defendant's plea of guilty of the crime of manslaughter in the first degree in full satisfaction of the indictment and upon the understanding that his prison sentence would be no greater than 8⅓ to 25 years. According to defendant, the crime was the result of an irrational act of violence against his mother which was the culmination of a lifetime of parental rejection and neglect. According to defendant, it was therefore an abuse of discretion to sentence him to the maximum possible sentence for the class B felony to which he entered his plea because his actions on the day of his mother's death "were isolated acts committed under extreme emotional disturbance and were at complete variance with the rest of his life".

In our view, however, defendant received a measure of leniency when he was permitted to plead guilty to the crime of manslaughter in the first degree in full satisfaction of a multicount indictment that included the A-I felony of murder in the second degree, which carried a prison sentence of at least 15 years to life *(see, People v Alvarado,* 122 AD2d 429, *lv denied* 68 NY2d 998; *People v Paige,* 92 AD2d 653). In imposing sentence, County Court limited the minimum term of imprisonment to one third of the maximum term, even though the crime to which defendant entered his plea was a class B armed felony offense subject to a minimum term of up to one half of the maximum term (Penal Law § 70.02 [4]). That the sentencing court appears to have relied more upon the deterrent value of the sentence than upon societal protection and rehabilitation does not justify appellate interference with the sentence where, as here, it is clear that the court performed the delicate balancing necessary to accommodate the public and private interests involved in the sentencing process *(see, People v Andrews,* 115 AD2d 807). We see neither a clear abuse of discretion in the sentence imposed nor any basis for exercising our power to modify the sentence in the interest of justice.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.