■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK SMITH, Appellant. [820 NYS2d 162]—

Spain, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered May 24, 2004, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

Charged with robbery in the first degree, defendant pleaded guilty to attempted robbery in the first degree in exchange for a sentence in the range of 7 to 12 years. He was sentenced as a second felony offender in accordance with the plea agreement to a prison term of 10 years, followed by five years of postrelease supervision. On appeal, defense counsel seeks to be relieved of his assignment as counsel on the ground that there are no nonfrivolous issues that can be raised on appeal. As at least one issue exists which could arguably provide a basis for appeal, counsel must be relieved and new counsel assigned to prosecute defendant's appeal (*see People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Submission of an *Anders* brief is generally inappropriate in an appeal such as this, where defendant entered a guilty plea and received a negotiated *discretionary* sentence within the range agreed upon but did not waive his right to appeal. Pursuant to CPL 450.10, a defendant has an absolute right to take an appeal "as of right" to the Appellate Division from any judgment or sentence (other than one including a sentence of death) (CPL 450.10 [1], [2]; *see People v Thompson*, 60 NY2d 513, 519 [1983]). Legislative efforts to preclude an appeal as of right to the Appellate Division where the sole issue raised is the excessiveness of a negotiated sentence imposed upon a guilty plea

have been ruled impermissible, as a curtailment of the constitutional duty of the Appellate Division to entertain all appeals from final judgments (*see People v Callahan*, 80 NY2d 273, 284 [1992]; *People v Pollenz*, 67 NY2d 264, 268-270 [1986]; *see e.g. People v Alvarado*, 122 AD2d 429, 429 [1986], *lv denied* 68 NY2d 998 [1986]; *see also* NY Const, art VI, § 4 [k]). Thus, absent an enforceable appeal waiver, defendants who plead guilty do not lose their right to invoke the Appellate Division's interest of justice jurisdiction to reduce their discretionary sentence[1] (*see People v Lopez*, 6 NY3d 248 [2006]; *People v Thompson, supra* at 520; *People v Coleman*, 30 NY2d 582, 583 [1972]; *see also* CPL 450.10, 470.15 [4] [c]; [6] [b]; 470.20 [6]). While this may "frustrate[ ] the People's expectations in cases involving negotiated sentences" (*People v Thompson, supra* at 520), it is the result of clear legislative mandates.[2]

It is also firmly established that a defendant has the constitutional right to the effective assistance of counsel on appeal (*see People v Bachert*, 69 NY2d 593, 596 [1987]; *People v Gonzalez*, 47 NY2d 606, 610 [1979]; *see also Evitts v Lucey*, 469 US 387, 396-397 [1985]) and that "the Fourteenth Amendment mandates that an indigent criminal defendant be afforded equal rights to appeal through the representation *and advocacy* of assigned counsel" (*People v Stokes*, 95 NY2d 633, 635-636 [2001] [emphasis added], citing *Evitts v Lucey, supra* and *Douglas v California*, 372 US 353 [1963]). Thus, an indigent defendant has the constitutional right to receive substantially the same assistance as one who can afford retained counsel (*see Anders v California*, 386 US 738, 741-744 [1967]; *Ellis v United States*, 356 US 674, 675 [1958]; *People v Stokes, supra* at 636; *People v Bachert, supra*; *People v Gonzalez, supra* at 610; *People v Emmett*, 25 NY2d 354, 356 [1969]).

In our view, an appeal challenging County Court's imposition of a negotiated but discretionary sentence, as part of a plea, would rarely be "wholly frivolous" (*People v Stokes, supra*), given a defendant's appeal rights (*see* CPL 450.10 [2]) and the

---

**1.** If a defendant received the minimum sentence authorized by law, there is no "legally authorized lesser sentence" (CPL 470.20 [6]) and, thus, the Appellate Division has no available corrective action (*see People v Anderson*, 268 AD2d 228, 229 [2000], *lv denied* 95 NY2d 792 [2000]; *People v Rodriguez*, 260 AD2d 281 [1999]), unless the sentence is deemed unconstitutional (*see* CPL 470.15 [2] [c]; *see also People v Thompson*, 83 NY2d 477 [1994]).

**2.** Indeed, this Court routinely reviews the merits of appeals in which the sole issue is the severity of discretionary sentences which were negotiated as part of a plea agreement (*see e.g. People v Boyd*, 26 AD3d 534 [2006]; *People v Provost*, 25 AD3d 1016, 1016-1017 [2006], *lv denied* 6 NY3d 817 [2006]; *People v McCarthy*, 23 AD3d 919 [2005]; *People v Smith*, 22 AD3d 964 [2005]).

inherently arguable merits of discretionary sentences (*see Anders v California, supra* at 744; *People v Stokes, supra* at 639). To be sure, appointed counsel is not constitutionally obligated to raise every colorable (nonfrivolous) claim on appeal even if requested by the defendant (*see Jones v Barnes*, 463 US 745, 751-754 [1983]). However, a valid guilty plea forecloses appellate review of many issues and the appropriateness of the discretionary sentence will often be the "most promising" (*id.* at 752) or even the sole arguable issue for appeal. Counsel's decision not to invoke this Court's power will rarely be in the defendant's best interests (*see People v White*, 73 NY2d 468, 478 [1989], *cert denied* 493 US 859 [1989]; *see Jones v Barnes, supra*).

Indeed, submission of a no-merit brief—based upon counsel's subjective conclusion that the defendant is "unlikely to prevail" (*Smith v Robbins*, 528 US 259, 262, 279 [2000]) in an appeal invoking the Appellate Division's interest of justice power to reduce a lawful, negotiated sentence—blurs the critical distinction between "wholly frivolous" issues (*People v Stokes, supra* at 636), appropriate in an *Anders* brief, and issues "arguable on their merits (and therefore not frivolous)" (*Anders v California, supra* at 744), for which a no-merit *Anders* brief is inappropriate (*see Smith v Robbins, supra* at 280, 285). Further, the United States Supreme Court has adhered to the principle that the decision to "take an appeal" is one of the fundamental decisions regarding a case which is retained by a defendant (*Jones v Barnes, supra* at 751). Such a right, we believe, is diminished here by an *Anders* brief which declines to argue the merits of a discretionary sentence, apparently the sole ground for appeal.

By distinction, had defendant validly and comprehensively waived his right to appeal, he would have *forfeited* the right to ask the Appellate Division to exercise its discretion to reduce a lawful sentence (*see People v Lopez, supra* at 255-256; *People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Seaberg*, 74 NY2d 1, 7-10 [1989]; *People v Clow*, 10 AD3d 803 [2004]; *cf. People v Trotter*, 28 AD3d 947, 948 [2006]). Acceptance of an *Anders* brief is generally appropriate where the defendant validly waives all appeal rights (*see e.g. People v Cornell*, 28 AD3d 871 [2006]; *People v Hesch*, 28 AD3d 798 [2006]; *People v Paolucci*, 307 AD2d 479 [2003]; *People v Riddick*, 298 AD2d 710 [2002], *lv denied* 99 NY2d 619 [2003]). However, where a defendant received a discretionary sentence but did not waive the right to appeal (*see People v Lopez, supra* at 256, *revg People v Billingslea*, 16 AD3d 516 [2005]) or there is an arguable issue as to the enforceability or scope of an appeal waiver (*see People v Lewis*,

29 AD3d 1076 [2006]; *People v Santalucia,* 9 AD3d 740 [2004]), acceptance of an *Anders* brief would rarely be appropriate (*see People v Stokes, supra; People v Thompson,* 60 NY2d 513, 520 [1983], *supra*).

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.