Sarah J. COFFMAN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9703.

Court of Appeals of Alaska.

Dec. 7, 2007.

---

806

Verne E. Rupright, Wasilla, for the Appellant.

Michael Sean McLaughlin, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Sarah J. Coffman was convicted of first-degree burglary (burglary of a residence) and second-degree murder (felony murder of the homeowner). She received 25 years in prison for the murder, and a consecutive 5 years for the burglary.

Coffman appealed, raising several claims of evidentiary and procedural error, and also asserting that she received ineffective assistance from the attorney who represented her at trial. In *Coffman v. State*, Alaska App. Memorandum Opinion No. 4541 (March 6, 2002), 2002 WL 341988, we rejected all of these claims and affirmed Coffman's convictions.

For present purposes, it is important to note that, although Coffman's direct appeal presented several issues concerning the lawfulness of her conviction, it did not include a claim that her sentence was excessive. Coffman now seeks post-conviction relief based on her appellate attorney's failure to pursue an excessive sentence claim.

Coffman asserts that she told her appellate attorney (or, more precisely, a paralegal

working for her appellate attorney) that she wished to appeal her sentence as well as her convictions, but the appellate attorney nevertheless failed to raise a claim of excessive sentence. Coffman now contends—on two alternative bases—that her appellate attorney's decision not to raise this sentencing claim constituted ineffective assistance of counsel.

Coffman first contends that, if she wanted to pursue a claim of excessive sentence, and as long as this claim was colorable (*i.e.*, non-frivolous), her appellate attorney was legally obliged to pursue this argument on appeal, even though the attorney may have believed that Coffman had a better chance of success on other issues.

In the alternative, Coffman contends that even if her appellate attorney had the discretion not to pursue a claim of excessive sentence if it appeared that other claims held more promise, her attorney nevertheless exercised that discretion in an incompetent manner, given the facts of Coffman's case.

For the reasons explained here, we conclude that Coffman's appellate attorney had the discretion to refrain from pursuing a claim of excessive sentence, and we further conclude that, given the facts of Coffman's case, Coffman failed to prove that her appellate attorney's decision was incompetent.

*Who has the final word on whether to pursue a claim of excessive sentence: the defendant, or the defendant's attorney?*

Coffman asserts that, as a matter of law, an attorney representing a criminal defendant on appeal must pursue a claim of excessive sentence if the defendant wishes to do so, regardless of the attorney's conclusion that it would be better to pursue other, more promising issues on appeal.

■ Alaska Professional Conduct Rule 1.2(a) states that an attorney representing a criminal defendant "shall abide by the client's decision ... as to ... whether to take an appeal". But even though it is the defendant's decision *whether* to appeal, it is the attorney's role to decide *which issues* to raise on appeal.

■ In *Tucker v. State*, 892 P.2d 832 (Alaska App.1995), this Court held that an appellate attorney is not obliged to raise every arguable (*i.e.*, non-frivolous) issue that might be raised in a direct appeal of a criminal conviction. Instead, the attorney has the authority to select the most meritorious issues and to abandon other claims which, although arguable, stand a lesser chance of success. *Id.* at 836 & n. 7. We declared that "[s]uch strategic choices fall squarely within the sphere of competent [appellate] representation". *Id.* at 836.

See also *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), where the United States Supreme Court held that a crucial part of appellate advocacy is to winnow out weaker arguments—and that, for this reason, an appellate attorney representing an indigent defendant is not required to raise every colorable claim. *Id.*, 463 U.S. at 751–54, 103 S.Ct. at 3312–14.

But Coffman argues that a claim of excessive sentence is not just another issue, not merely one issue among many that might be raised on appeal. Instead, she argues that a claim of excessive sentence is its own distinct type of appeal—a type of appeal that is separate from a defendant's right to attack the legality of a criminal conviction (or the legality, as opposed to the excessiveness, of the sentence).

Based on this contention that a sentence appeal constitutes a separate kind of appeal, Coffman asserts that Alaska Professional Conduct Rule 1.2(a) obliges a defense attorney to follow their client's wishes with respect to *each* kind of appeal—merit appeal and sentence appeal. That is, Coffman takes the position that even though her appellate attorney could choose which issues to argue in Coffman's merit appeal, her attorney was nevertheless obliged to follow Coffman's wishes and raise a claim of excessive sentence as well.

We acknowledge that both the Alaska statutes and the Alaska court rules draw a distinction between merit appeals and sentence appeals. Different procedural requirements and limitations govern these two types of appeals, and these procedural differences lend support to Coffman's argument that a

sentence appeal should be treated as a distinct form of appeal.

Nevertheless, for the reasons explained here, we conclude that in the context presented here—that is, for the purpose of defining the division of authority between attorney and client respecting the selection of the issues to be raised on appeal—a claim of excessive sentence is simply another issue that can be raised in a criminal appeal. This means that the appellate attorney has the authority (and the duty) to decide whether to pursue an excessive sentence claim, regardless of the defendant's contrary wishes on this point.

*(a) The distinction between "sentence appeals" and other types of criminal appeals*

Under Alaska law, the term "sentence appeal" has a narrow, technical meaning. Indeed, most appellate claims relating to a criminal sentencing fall *outside* the definition of a "sentence appeal".

 A "sentence appeal" refers to an appeal in which the lawfulness of the sentence and the sentencing procedures is conceded, and the sole claim presented on appeal is that this lawfully imposed sentence constitutes an abuse of the judge's sentencing discretion. In contrast, claims regarding the legality of a sentence, or the lawfulness of the procedures under which the sentence was imposed, or the sufficiency of the evidence to support the findings that affected the judge's sentencing authority, all fall under the category of "merit appeals".[1]

(We acknowledge that, as a procedural matter, this Court often allows defendants to raise such claims in appeals filed under Alaska Appellate Rule 215—the rule that governs sentence appeals, and that specifies less formal record-preparation and briefing procedures. Nevertheless, in the context of the legal distinction between merit appeals and sentence appeals, these claims are merit appeals.[2])

Alaska has special statutes dealing with a defendant's right of sentence appeal, but the existence of these statutes could in some sense be viewed as an accident of history.

When the Alaska Legislature enacted the statutes pertaining to the Alaska Supreme Court, the legislature declared that felony defendants (*i.e.*, defendants convicted in the superior court) could appeal to the supreme court as a matter of right.[3] But though a felony defendant's right to appeal a criminal conviction was never questioned, the Alaska Supreme Court held in 1968 that a defendant had no right to pursue a sentence appeal (in the narrow sense of the word). In *Bear v. State*, 439 P.2d 432, 435–37 (Alaska 1968), the supreme court concluded (by a two-to-one vote) that, absent specific statutory authorization, a criminal defendant's right of appeal did not include the right to challenge a lawfully imposed sentence for excessiveness.

The very next year, the legislature responded to *Bear* by enacting a sentence appeal statute, AS 12.55.120, that explicitly gave criminal defendants the right to appeal a sentence on the ground of excessiveness.[4] In the same chapter of the session laws, the legislature amended the supreme court's jurisdictional statute to explicitly give the court "jurisdiction to hear appeals of sentences of imprisonment lawfully imposed by the superior court[ ] on the grounds that the sentence is excessive or too lenient".[5]

Thus, since 1969, Alaska has had a provision in Title 12 that expressly gives criminal defendants a right of sentence appeal, and a provision in Title 22 that expressly gives the

---

1. *See Bear v. State*, 439 P.2d 432, 435–37 (Alaska 1968); *Hillman v. Anchorage*, 941 P.2d 211, 213, 215 (Alaska App.1997); *Rozkydal v. State*, 938 P.2d 1091, 1093–94 (Alaska App.1997); Alaska Appellate Rule 215(a)(2).

2. *See Rozkydal*, 938 P.2d at 1094.

3. *See* SLA 1959, ch. 50, § 1 (later codified as AS 22.05.010) (the pre–1980 version): "Appeals to

the supreme court [from the superior court] shall be a matter of right, except that the State shall have no right of appeal in criminal cases, except to test the sufficiency of the indictment or information."

4. SLA 1969, ch. 117, § 4.

5. AS 22.05.010(b) (pre–1980 version), enacted by SLA 1969, ch. 117, § 1.

appellate courts jurisdiction to entertain sentence appeals from the superior court.[6]

However, in *Wharton v. State*, 590 P.2d 427 (Alaska 1979); the supreme court declared that it had re-assessed its decision in *Bear*, and that the court now believed that it had the power to review criminal sentences for excessiveness even in the absence of special authorizing legislation.

The issue presented in *Wharton* was a conflict between the sentence appeal statute, AS 12.55.120, and the appellate court rule governing sentence appeals, Supreme Court Rule 21(a)—the rule that has now been superseded by Appellate Rule 215(a). Supreme Court Rule 21(a) granted a right of sentence appeal to any felony defendant who was sentenced to serve 45 days or more. However, at that time, AS 12.55.120 limited the right of sentence appeal to felony defendants who received more than 1 year to serve. The question was which limit took precedence—the 45 days specified in Supreme Court Rule 21, or the 1 year specified in AS 12.55.120?

The supreme court declared that the court rule took precedence—because the court's general power of appellate review in criminal cases included the authority to hear a defendant's challenge to a lawfully imposed sentence on the ground that it was excessive. The court explained:

> In promulgating Rule 21, this court accepted Justice Rabinowitz's [dissenting] position in *Bear* [*v. State* ] that review of criminal sentences is inherent in [this court's] power as the court of "final appellate jurisdiction" [under the] Alaska Constitution, art. IV, § 2.

*Wharton*, 590 P.2d at 429.

The *Wharton* decision rests on the concept that was rejected in *Bear*: the concept that, even in the absence of authorizing legislation, the supreme court has the power to review any judicial decision made in a criminal case—including the sentencing judge's exercise of sentencing discretion, even when

there is no claim of illegality in the sentence or the sentencing proceedings.

In other words, even though the Alaska statutes governing sentence appeals were originally thought to *confer* a special right of appeal (and to expand the supreme court's jurisdiction accordingly), a defendant's substantive right to seek appellate review of a sentence for alleged excessiveness, and the supreme court's authority to hear that claim, actually exist irrespective of these statutes. The sentence appeal statutes are in fact addressed solely to matters of procedure—or, in the case of the sentence appeal provisions found in AS 22.07, the issue of the division of appellate jurisdiction between this Court and the supreme court.

■ This Court's decision in *Rozkydal v. State*, 938 P.2d 1091 (Alaska App.1997), is expressly premised on this view of the law. As we explained in *Rozkydal*, 938 P.2d at 1094–95, Alaska's sentence appeal statutes place restrictions on a defendant's right to appeal a sentence to this Court on the sole ground that it is excessive. However, even when a defendant is barred from appealing a sentence to this Court, the defendant still has the right to pursue an excessive sentence claim in a petition for discretionary sentence review to the Alaska Supreme Court. *Id.* at 1095.

■ Thus, the truth of the matter is that every defendant in Alaska has the right to seek appellate review of their sentence on the ground that it is excessive. The effect of our sentence appeal statutes is not to confer or withhold this right, but rather to define the *manner* in which the appellate review is invoked and conducted. In other words, even though special rules apply to sentence appeals, the supreme court's decision in *Wharton* means that the right of sentence review can no longer be viewed as *sui generis*. It is not a unique type of appeal unto itself, requiring special legislative authorization.

---

**6.** A felony defendant's right of sentence appeal is now to this Court rather than to the supreme court. *See* AS 22.07.020(b).

*(b) Why we conclude that an attorney has the discretion to include or omit a claim of excessive sentence when arguing a criminal appeal, despite the defendant's wish to pursue this claim*

Our analysis of *Wharton* and *Rozkydal* is a partial answer to the question posed in this appeal: whether it is the defendant or the defendant's attorney who has the final authority to decide whether to pursue a claim of excessive sentence on appeal.

The normal rule under Alaska law—in particular, the rule under this Court's decision in *Tucker v. State*, 892 P.2d 832 (Alaska App. 1995)—is that a defendant's appellate attorney has the responsibility of deciding which issues to raise on appeal. Coffman asserts that this normal rule does not govern the decision whether to pursue an excessive sentence claim—because, according to Coffman, the right to raise a claim of excessive sentence is a special right, conferred by a separate statute and distinct from a defendant's right to pursue other claims on appeal.

As we explained earlier, the supreme court's decision in *Wharton* appears to undercut Coffman's view of this matter. Nevertheless, it is true that Alaska law draws several procedural distinctions between a claim of excessive sentence and other claims of error in a criminal appeal.

Under AS 12.55.120 and AS 22.07.020, not all defendants have the right to appeal their sentences on the ground of excessiveness (as opposed to the right to petition for review of their sentences on this ground). Moreover, Alaska Appellate Rule 215 establishes special rules for the administration and briefing of sentence appeals—that is, appeals in which the sole claim is the excessiveness of the defendant's sentence.

However, Appellate Rule 215(j) states that when a defendant files a merit appeal—which, as explained above, means an appeal that raises any issue other than the narrow issue of the purported excessiveness of the defendant's sentence—then the defendant must combine any claim of excessive sentence with the defendant's other claims of error, and the entire appeal will be governed by the procedures that apply to merit appeals. In other words, when a defendant pursues a merit appeal, the defendant's appellate attorney is not entitled to file separate briefs, one on the merit issues and one on the claim of excessive sentence. Rather, the attorney must combine the discussion and argument of all of the defendant's claims of error in a unified brief.

This requirement of a unified brief (and unified oral argument, if argument is requested) means that a defense attorney must make the kinds of advocacy decisions that this Court discussed in *Tucker* and that the United States Supreme Court discussed in *Jones v. Barnes*. The question in *Tucker* and in *Jones* was whether a court-appointed appellate attorney is obliged to raise every colorable issue that might be raised on appeal or whether, instead, the attorney could properly choose to pursue the most meritorious issues and abandon other claims that, although arguable, stood a lesser chance of success.

In *Tucker*, 892 P.2d at 836, we held that "[s]uch strategic choices fall squarely within the sphere of competent representation." In support of this conclusion, we relied on what the United States Supreme Court said in *Jones:* that a crucial part of appellate advocacy is to jettison weaker arguments and focus on stronger ones:

> Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. Justice Jackson, after observing appellate advocates for many years, stated:
>
> > ... Legal contentions, like currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases.... Experience on the bench convinces me that multiplying assignments of error will dilute and weaken a good cause and will not save a bad one. Jackson, "Advocacy Before the United States Supreme Court", 25 Temple L.Q. 115, 119 (1951).

*Jones v. Barnes,* 463 U.S. at 751–52, 103 S.Ct. at 3313. *See also Smith v. Murray,* 477 U.S. 527, 536, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986) (declaring that the process of winnowing out weaker arguments on appeal, and focusing on those arguments more likely to prevail, is the hallmark of effective appellate advocacy).

These considerations strongly suggest that an appellate attorney must have the authority to omit a claim of excessive sentence if, in the attorney's judgement, the attorney's efforts on appeal would be more productively focused on other claims of error. And, indeed, this is the result we reached in an unpublished opinion: *Samskar v. State,* Alaska App. Memorandum Opinion No. 4908 (August 11, 2004), 2004 WL 1783554. In *Samskar,* slip opinion at pp. 4–5, 2004 WL 1783554 at *2–3, we concluded that it was the attorney's decision whether to pursue a claim of excessive sentence, and that the attorney's decision would be upheld absent proof that the decision was incompetent. But unpublished opinions do not create precedent, so we must treat this issue as previously undecided in Alaska.

Because there is no published Alaska case deciding this issue, we have researched the case law of other jurisdictions. There is relatively little case law directly on point, but all of the cases we have found support the view that a claim of excessive sentence is simply one issue among many that the appellate attorney may choose to pursue or omit.

The most straightforward statement of this rule is found in an unpublished Nebraska case, *State v. Gardner,* 2003 WL 22533177 (Neb.App.2003). In *Gardner,* the defendant claimed that he had received ineffective assistance of counsel in his direct appeal, based in part on the attorney's failure to raise a claim of excessive sentence. The Nebraska Court of Appeals answered this claim by holding that it was the attorney's decision whether or not to include a claim of excessive sentence. Here is the Nebraska court's discussion:

> There is no evidence on the record that Gardner instructed his appellate counsel to file an appeal based on excessive sentences. [But][e]ven if Gardner had given

such an instruction, his appellate counsel was not obligated to raise that particular issue.... The Nebraska Supreme Court has recognized the opinion of *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), which held that "an indigent defendant has no constitutional right to control the matters argued by counsel on appeal." *State v. Williams,* 217 Neb. 539, 548, 352 N.W.2d 538, 543 (1984). The court in *Williams* stated:

> Usually ... if you cannot win on a few major points, the others are not likely to help, and to attempt to deal with a great many in the limited number of pages allowed for briefs will mean that none may receive adequate attention. The effect of adding weak arguments will be to dilute the force of the stronger ones.

> [*Williams,*] 217 Neb. at 549, 352 N.W.2d at 544 [quoting R. Stern, *Appellate Practice in the United States* 266 (1981)].

*Gardner,* 2003 WL 22533177 at *7. Thus, the Nebraska court held, the defendant's appellate counsel had the discretion whether to raise the excessive sentence claim—although the defendant retained the right to attack that decision on the ground of purported incompetence. *Id.*

In addition to *Gardner,* we have found a few cases from Ohio where the appellate court's decision is implicitly premised on the concept that a claim of excessive sentence is simply one more potential issue that might be raised on appeal—and that the appellate attorney's decision is binding, absent proof that this decision was incompetent.

In *State v. Rice,* unpublished, 2005 WL 1541007 at *5–6 (Ohio App.2005), the defendant claimed that his appellate attorney was incompetent for failing to argue that the defendant's sentence (five consecutive terms of 10 years to life) was excessive, and that this sentence was inconsistent with the way similarly situated offenders had been treated in the past. The Ohio court held that the appellate attorney could reasonably decide that it would not be fruitful to pursue these arguments. Similarly, in *State v. Loyed,* unpublished, 2005 WL 977833 (Ohio App.2005), the defendant argued that his appellate at-

torney was incompetent for failing to challenge the length of his sentence. The Ohio court declared that "appellate counsel is not required to raise and argue assignments of error which are meritless[,] nor can appellate counsel be considered ineffective for failing to raise every conceivable assignment of error on appeal.... More importantly, we find no prejudice to Loyed as a result of the [choice of claims made] by appellate counsel upon appeal." *Id.* at *3. "The trial court's sentence conformed with the sentencing guidelines provided in [our statutes]. Loyed's ... sentence would not have been reversed had the issue of sentencing been raised on appeal." *Id.*

The same result was reached in *State v. Gross,* unpublished, 2005 WL 793141 at *3–4 (Ohio App.2005). The defendant argued that his appellate attorney "should have argued that the trial judge did not comply with the sentencing statutes in imposing the maximum sentence for rape[,] and in ordering consecutive sentences." Gross also argued that his appellate attorney was incompetent for failing to argue that Gross's two convictions for rape and "gross sexual imposition" were "allied offenses"—basically, Ohio's version of a *Whitton* argument (*i.e.,* that the two offenses were so similar that only one conviction and sentence should have been imposed).[7] The Ohio court concluded that it was "understandable why appellate counsel would[,] in the exercise of professional judgment[,] decline to raise [these sentencing] argument[s]."

We have found no cases to the contrary. But see *People v. Smith,* 32 A.D.3d 553, 820 N.Y.S.2d 162 (2006), where the court held that when a defendant pleads guilty (so that only sentencing issues remain available on appeal), and the defendant wishes to appeal, an appellate attorney must either pursue one or more sentencing issues or (alternatively) must file an *Anders* brief explaining why there are no non-frivolous issues to be raised. *Id.* at 165–66.

In light of our analysis of the status of sentence appeals under Alaska law, and given the established law regarding the division of authority between an appellate attorney and a criminal defendant, and given the results of our research, we conclude that a defendant has no right to insist that their appellate attorney pursue a claim of excessive sentence if the attorney is pursuing other issues on appeal. Rather, the attorney has the authority to decide which claims of error are likely to be most fruitful, and to omit a claim of excessive sentence if that claim will detract from the argument of other points on appeal.

*Coffman's alternative argument that her attorney's decision to omit a claim of excessive sentence was incompetent*

Although an attorney is not required to raise every colorable (*i.e.,* non-frivolous) issue on appeal, the attorney's choice of issues is subject to a later challenge for incompetency.[8] Here, Coffman argues in the alternative that even if it was properly her appellate attorney's decision whether to pursue an excessive sentence claim, nevertheless her attorney was incompetent for not including a claim of excessive sentence among the other issues presented in Coffman's direct appeal.

Coffman's appellate attorney, Pamela D. Scott, raised five major issues in Coffman's appeal; her opening brief was 64 pages long. Moreover, these issues were not frivolous, as can be seen by our discussion of those issues in *Coffman v. State,* Alaska App. Memoran-

7. *See Whitton v. State,* 479 P.2d 302 (Alaska 1970).

8. *See, e.g., Gaddy v. State,* 952 So.2d 1149, 1171–72 (Ala.Crim.App.2006); *Anderson v. State,* unpublished, 2006 WL 62225 at *2 (Ark.2006); *People v. Rodriguez,* 914 P.2d 230, 303 (Colo.1996); *Peterka v. State,* 890 So.2d 219, 241–42 (Fla. 2004); *Briones v. State,* 74 Haw. 442, 848 P.2d 966, 978 (1993); *Benson v. State,* 780 N.E.2d 413, 421–23 (Ind.App.2002); *State v. Reed,* 74

Ohio St.3d 534, 660 N.E.2d 456, 458 (1996); *Williamson v. State,* 852 P.2d 167, 169 (Okla. Crim.App.1993); *Commonwealth v. May,* 587 Pa. 184, 898 A.2d 559, 573–75 (2006); *Carpenter v. State,* 126 S.W.3d 879, 887–89 (Tenn.2004); *State v. Bathe,* unpublished, 2004 WL 344183 at *1 (Wis.App.2004).

*See also* Wayne R. LaFave, Jerold H. Israel, Nancy J. King, *Criminal Procedure* (2nd ed.1999), § 11.6(a), Vol. 3, p. 596.

dum Opinion No. 4541 (March 6, 2002), 2002 WL 341988.

The law presumes that an attorney's tactical and strategic choices are competent. In other words, a defendant who later attacks their attorney's choices bears the burden of proving that the attorney's decisions fell below the range of competence expected of criminal law practitioners, and that the defendant suffered prejudice as a result of their attorney's incompetent decisions.[9]

In this case, Coffman raises a specialized claim of incompetence: she asserts that her appellate attorney incompetently selected the issues to be pursued on appeal. Courts from around the country are in basic agreement concerning the prima facie case that a defendant must present to support a claim of attorney incompetence in this situation. To establish a prima facie case that an appellate counsel's choice of issues was incompetent, the defendant must establish (1) that the proposed additional issue is significantly stronger than the issues that were raised in the appeal; (2) that the appellate attorney had no valid tactical reason for failing to include this particular issue; and (3) that, if the proposed issue had been included, there is a reasonable possibility that the outcome of the appeal would have been different.[10]

Although proof of these three elements will establish a prima facie case, the ultimate question is not whether the appellate attorney could have done better. Rather, the ultimate question is whether the attorney's choice of issues was so ill-considered that it fails to demonstrate the minimal competence required of criminal law practition-

ers. *Risher v. State*, 523 P.2d 421, 424 (Alaska 1974).

During the post-conviction relief proceedings in the superior court, Scott submitted an affidavit responding to Coffman's assertion that she should have pursued an excessive sentence claim. In her affidavit, Scott declared that "[t]he record [in Coffman's case] did not appear to [suggest] any statutory grounds for [an] appeal of the sentence". In fact, Scott asserted that the record affirmatively demonstrated that the sentencing judge (Superior Court Judge Eric Smith) "went to great lengths to consider many relevant factors in imposing [Coffman's] sentence", and that the superior court's sentencing decision "m[ight] be motivated by compassion".

In the same affidavit, however, Scott stated that she believed "[that] the length of [Coffman's] sentence [in] comparison with . . . the [sentences imposed on the other participants in the burglary/ murder] might be interpreted by the general public as indicating a possible retaliation for Sarah Coffman exercising her right to trial." Based on this statement in Scott's affidavit, Coffman argued that Scott was clearly incompetent for failing to pursue an excessive sentence claim—or, at least, that Scott's explanation of her decision was internally inconsistent, and that an evidentiary hearing was needed to clarify matters.

When Judge Smith ruled on this issue, he acknowledged that "Scott's affidavit is admittedly somewhat confusing". As Judge Smith noted, Scott declared on the one hand that Coffman's sentence was neither "illegal" nor "statutorily excessive", that the sentencing judge (*i.e.,* Judge Smith) "went to great

9. *See, e.g., Newby v. State,* 967 P.2d 1008, 1016 (Alaska App.1998) ("The law presumes that an attorney has acted competently, and that the attorney's decisions were prompted by sound tactical considerations. To prevail in a post-conviction relief action based on [an] ineffective assistance of counsel claim, the defendant must rebut this presumption."); *Risher v. State,* 523 P.2d 421, 424 (Alaska 1974) (holding that the test for ineffective assistance of counsel in criminal cases is whether the attorney's conduct fell below the minimal range of competence required of an attorney who has "ordinary training and skill in the criminal law"); *State v. Jones,* 759 P.2d 558,

567–68 (Alaska App.1988) (explaining that even when the defendant establishes the attorney's incompetence, "there must [also] be a showing that [there is at least] a reasonable [possibility] that the incompetence contributed to the outcome [of the case]").

10. *See, e.g., Benson v. State,* 780 N.E.2d 413, 421–23 (Ind.App.2002); *Commonwealth v. May,* 587 Pa. 184, 898 A.2d 559, 573–76 (2006); *Carpenter v. State,* 126 S.W.3d 879, 887–89 (Tenn. 2004).

length to consider many relevant factors in imposing the sentence", and that the judge's sentencing decision could be attributed to "compassion"—while on the other hand, Scott stated that "the length of [Coffman's] sentence might be interpreted by the general public as retaliation for insisting on going to trial."

But Judge Smith did not find that Scott's statements on this point were hopelessly in conflict. Judge Smith concluded that, when Scott's affidavit was read as a whole, it showed that "Ms. Scott was concerned about the length of [Coffman's] sentence, but made a tactical decision that there were insufficient grounds to appeal the sentence on that basis." The judge noted that Scott's latter comments as to how the general public might perceive Coffman's sentence were "prefaced by a statement that the court should review the sentence 'on grounds of compassion' rather than as a matter of law." Judge Smith concluded that Scott's affidavit demonstrated that "[she] thought that a lighter sentence would be more appropriate as a moral matter, but that there was no legal basis to revisit the sentence." For this reason, the judge concluded that "[t]here [was] no real contradiction in [Scott's] affidavit. . . ."

Based on the record as a whole, Judge Smith found that "[Scott] was aware that a sentence appeal had to be filed at the same time as the merits appeal", that Scott "carefully evaluated whether to appeal the sentence", and that "she decided that there were no grounds to do so."

On appeal, Coffman renews the argument that she presented to Judge Smith: the argument that, if Scott believed that Coffman's sentence might be perceived as inordinately severe when compared to the sentences imposed on the other participants in the burglary/ murder, then Scott was incompetent when she concluded that there were no grounds for pursuing a sentence appeal. But as Judge Smith pointed out, this argument is based on a single statement in a lengthy affidavit that must be read as a whole. Judge Smith interpreted Scott's affidavit as saying that an excessive sentence argument might be theoretically possible, but that Scott did not believe that such an argument

would be successful. This appears to be a fair reading of the affidavit.

Moreover, as we pointed out above, the fact that an argument is colorable (that is, non-frivolous) does not mean that an attorney's failure to pursue this argument amounts to incompetence. An attorney need not raise every colorable claim on appeal. In fact, an attorney is expected to cull the most promising claims of error from among the larger group of colorable claims. Thus, the fact that Scott recognized that there might be *some* argument to be made in favor of an excessive sentence claim does not provide prima facie evidence that Scott was incompetent for deciding that such a claim would fail, and that it should therefore be omitted in favor of other more promising claims.

As we further pointed out above, when a defendant contends that their appellate attorney was incompetent in the choice of claims to argue on appeal, one element of the defendant's prima facie case is that their proposed additional or substitute claim of error is significantly stronger than the claims that the attorney chose to pursue. Coffman made no attempt to satisfy this burden in the post-conviction relief litigation in the superior court, and she makes no attempt to do so here. That is, Coffman makes no attempt to compare the likely success of her proposed excessive sentence claim to the likely success of the five claims that Scott actually presented on appeal. In fact, Coffman presents absolutely no discussion of the likely success of an excessive sentence claim.

On the face of it, it appears unlikely that Coffman's proposed excessive sentence claim would succeed. Coffman received a sentence of 25 years' imprisonment for second-degree murder (felony murder), and a consecutive 5–year sentence for first-degree burglary (burglary of a residence). As the State points out in its brief, Coffman's composite sentence of 30 years to serve for these two crimes is still within the *Page* benchmark range for Coffman's second-degree murder conviction alone.

(In *Page v. State,* 657 P.2d 850, 854–55 (Alaska App.1983), this Court adopted a benchmark sentencing range of 20 to 30

years to serve for typical instances of first felony offenders convicted of second-degree murder.)

In the superior court, Coffman made no attempt to show that a claim of excessive sentence would have had a significantly better chance of success than the claims of error that Scott raised. Coffman offered no discussion of the facts of her offense or her background, nor did she offer any argument as to why this Court might conclude that her 30–year composite sentence was clearly mistaken. Her briefs to this Court are similarly silent with regard to these matters.

In other words, although Coffman may have shown that there was something that might be said in favor of an excessive sentence claim, she still failed to present a prima facie case of attorney incompetence. In particular, Coffman failed to offer any reason to believe that her proposed excessive sentence claim had a significantly better chance of success than the several claims of error that Scott pursued on appeal, and Coffman further failed to offer any reason to believe that the outcome of her appeal would have been different if Scott had raised an excessive sentence claim.

For these reasons, we conclude that Coffman's petition for post-conviction relief failed to state a prima facie case for relief, and that Judge Smith properly dismissed Coffman's petition on this basis.

*Conclusion*

The judgement of the superior court is AFFIRMED.