■ In the Matter of STATE OF NEW YORK, Respondent, v MYRON P., Appellant. [898 NYS2d 733]—McCarthy, J. Appeal from an order of the Supreme Court (McNamara, J.), entered February 9, 2009 in Albany County, which, in a proceeding pursuant to Mental Hygiene Law article 10, found respondent to be a dangerous sex offender and confined him to a secure treatment facility.

In 2001, respondent pleaded guilty to attempted rape in the first degree and was sentenced to six years in prison followed by 2½ years of postrelease supervision. Near the end of his prison term in October 2006, respondent was involuntarily transferred to the Central New York Psychiatric Center Sex Offender Treatment Program pursuant to Mental Hygiene Law article 9. Respondent promptly requested a hearing challenging his involuntary hospitalization (see Mental Hygiene Law § 9.31). Before

such a hearing could be held, however, petitioner commenced this proceeding seeking an order authorizing respondent's civil management pursuant to Mental Hygiene Law article 10. Respondent's motion to stay the article 10 trial until a hearing pursuant to article 9 could be conducted was denied by Supreme Court (O'Connor, J.), and a jury ultimately determined that respondent suffered from a "mental abnormality" which predisposed him to commit sex offenses and resulted in his "having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]; *see* Mental Hygiene Law § 10.07). After a dispositional hearing, Supreme Court (McNamara, J.) found respondent to be a dangerous sex offender in need of confinement and committed him to a secure facility (*see* Mental Hygiene Law § 10.07 [f]). Respondent appeals.

Appellate counsel seeks to be relieved of its assignment of representing defendant on the basis that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record and counsel's brief, we disagree. There are several issues of arguable merit, including whether a Mental Hygiene Law article 10 proceeding afforded respondent all of the statutory and constitutional rights he was entitled to under Mental Hygiene Law article 9, particularly those involving the right to a jury trial on the issue of his confinement. In fact, the same institutional counsel strove to preserve this issue in the trial court. Accordingly, without passing judgment on the merits of any issue, we grant counsel's application and new counsel shall be assigned to address this issue and any others the record may disclose (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Smith*, 32 AD3d 553 [2006]; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Cardona, P.J., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.