■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK BARNETT, Appellant. [932 NYS2d 733]—

Defendant was convicted in 1999 of two counts of criminal possession of a controlled substance in the third degree and one count of conspiracy in the fourth degree, and was sentenced as a second felony offender to an aggregate prison term of 12$^1$/$_2$ to 25 years. Following the passage of the Drug Law Reform Act of 2009 (see L 2009, ch 56, as codified in CPL 440.46), defendant applied for resentencing. County Court conducted a hearing and found that defendant was eligible for resentencing under the statute. It concluded, however, that substantial justice would not be served by resentencing defendant and denied his motion. Defendant appeals.

Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, we disagree. We find at least one issue of arguable merit pertaining to whether substantial justice warranted the denial of defendant's application that justifies further examination. Therefore, without passing judgment on the ultimate merit of this issue, we grant counsel's application and assign new counsel to address this issue and any others that the record may disclose (see People v Stokes, 95 NY2d 633 [2001]; People v Smith, 32 AD3d 553 [2006]; People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]).

Spain, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.