■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL F. LEWIS, Appellant. [936 NYS2d 336]—

Following the filing of numerous criminal charges against defendant and his unsuccessful release to probation supervision, defendant waived indictment and agreed to be prosecuted by two superior court informations, one charging him with burglary in the second degree and the second charging him with vehicular manslaughter in the second degree. In satisfaction of these and additional charges, defendant pleaded guilty to attempted burglary in the second degree as well as vehicular manslaughter in the second degree, and waived his right to appeal. While no particular sentence was promised as part of the plea agreement, County Court stated that it would run the sentences concurrently to one another. Defendant was released to probation supervision prior to sentencing, but again violated its terms by using alcohol and violating an order of protection. As a result, County Court stated that it was no longer required to impose concurrent sentences because defendant had been warned about the consequences of violating his probation. Defense counsel objected and requested the court to review the transcript of the proceedings to ascertain if *Parker/Outley* warnings had been administered to defendant, but abruptly withdrew this motion after an off the record conference with the court. County Court proceeded to sentence defendant on the charge of attempted burglary in the second degree to six years in prison, to be fol-

lowed by five years of postrelease supervision, and on the charge of vehicular manslaughter in the second degree to $2^1/_3$ to 7 years in prison, which sentences were to run consecutively to one another. Defendant appeals.

Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, we disagree. We find that there is at least one issue of arguable merit pertaining to whether consecutive sentences were properly imposed under the circumstances presented that justifies further examination. Therefore, without passing judgment on the ultimate merit of this issue, we grant counsel's request for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Smith*, 32 AD3d 553 [2006]; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Peters, J.P., Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.