Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 9, 2011, which resentenced defendant following his conviction of the crimes of robbery in the second degree and assault in the third degree.
Following a trial, defendant was found guilty of robbery in the second degree and assault in the third degree. In 2006, defendant was sentenced to 10 years in prison for the robbery conviction to run concurrently with a one-year jail term for the assault conviction. In 2011, the sentencing court was notified by the Department of Corrections and Community Supervision that the statutorily-required period of postrelease supervision had not been imposed at sentencing. Thereafter, County Court resentenced defendant to the original prison term and imposed a five-year period of postrelease supervision. Defendant now appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal. Defendant submitted a pro se letter to this Court raising several issues and requesting that new counsel be assigned. Based upon our review of the record, appellate counsel’s brief and defendant’s pro se submission, we conclude that at least one issue of arguable merit, a challenge to the severity of the imposed term of postrelease supervision, exists (see People v McCombs, 83 AD3d 1296, 1296 [2011]; People v Ross, 45 AD3d 897, 897 [2007]). Consequently, without expressing an opinion as to the ultimate merit of this issue, we grant counsel’s request for leave to withdraw and assign new counsel to address this issue and any others that the record may disclose (see People v Stokes, 95 NY2d 633 [2001]; People v Smith, 32 AD3d 553 [2006]; People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]).
Peters, P.J., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.