People v Manson (2022 NY Slip Op 03151)





People v Manson


2022 NY Slip Op 03151


Decided on May 12, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 12, 2022

112222
[*1]The People of the State of New York, Respondent,
v
Thurman Manson, Appellant.

Calendar Date:April 15, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Todd G. Monahan, Schenectady, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered November 8, 2019, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant was convicted of murder in the second degree, for which he was sentenced in 2002 to 22 years to life in prison (People v Manson, 8 AD3d 499 [2004], lv denied 3 NY3d 677 [2004]).[FN1] While incarcerated at Great Meadow Correctional Facility, five shank-like weapons made from folded lids of metal cans were found in defendant's cell, and he was charged by indictment with five counts of promoting prison contraband in the first degree. Defendant thereafter entered a guilty plea to the reduced charge of attempted promoting prison contraband in the first degree under count 1 of the indictment, as amended. Consistent with the terms of the plea agreement, County Court imposed a prison sentence of 2 to 4 years, as an acknowledged second felony offender, to be served consecutively to the sentence he was then serving. Defendant appeals.
We affirm. Defendant's sole contention on appeal is that the imposition of a consecutive sentence was harsh and excessive. We first address the People's argument that the appeal should be dismissed pursuant to CPL 450.10 because defendant received the negotiated sentence. Although CPL 450.10 (1) purports to disallow an appeal as of right to the Appellate Division where the sole issue is the claimed excessiveness of the agreed-upon sentence imposed by a judgment rendered upon a guilty plea, that provision was found to be an unconstitutional limitation on the jurisdiction of the Appellate Division (see People v Pollenz, 67 NY2d 264, 267-269 [1986]; People v Moran, 69 AD3d 1055, 1056 [2010]; People v Smith, 32 AD3d 553, 553-554 [2006]; People v Alvarado, 122 AD2d 429, 429 [1986], lv denied 68 NY2d 998 [1986]; see also NY Const, art VI, § 4 [k]). Thus, absent an appeal waiver, this Court has a constitutional duty "to entertain all appeals from final judgments in criminal cases" (NY Const, art VI, § 4 [k]; see People v Callahan, 80 NY2d 273, 284 [1992]), and "defendants who plead guilty do not lose their right to invoke the Appellate Division's interest of justice jurisdiction to reduce their discretionary sentence" (People v Smith, 32 AD3d at 554; see People v Lopez, 6 NY3d 248, 255-257 [2006]; see also CPL 470.15 [6] [b]). As there was no waiver of appeal required as part of the plea agreement, defendant is entitled to a review of his claim that the sentence is harsh and excessive.
Defendant was sentenced as a second felony offender, which required an indeterminate sentence (see Penal Law §§ 60.05 [1]; 70.06 [2]). Given that he was already serving an undischarged indeterminate sentence imposed on the murder conviction in 2002 — prior to the commission of this crime — County Court was required to impose a consecutive sentence upon this conviction (see Penal Law § 70.25 [2—a]; 
Matter of [*2]Bond v Annucci, 189 AD3d 1843, 1845 [2020], lv denied 36 NY3d 912 [2021]; People v Teichs, 56 AD3d 807, 807-808 [2008]). Although defendant received the maximum authorized sentence (see Penal Law § 70.06 [3] [e]; [4] [b]), it was imposed in exchange for defendant's guilty plea to a reduced charge satisfying all charges in the indictment. In view of the seriousness of defendant's conduct and his criminal history, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the agreed-upon sentence in the interest of justice (see People v Brito, 184 AD3d 900, 901 [2020]).
Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant was also serving a concurrent prison term of 12 years upon his conviction of criminal possession of a weapon in the second degree.