Timothy E. MUND, Appellee.

v.

STATE of Alaska, Appellant.

No. A–10800.

Court of Appeals of Alaska.

March 21, 2014.

---

**15.** RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 4.3 Reporter's N. (2000).

**16.** *AAA Valley Gravel,* 219 P.3d at 163.

John N. Page III, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Mary Gilson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: MANNHEIMER, Chief Judge, ALLARD, Judge, and COATS, Senior Judge *.

## *OPINION*

Judge MANNHEIMER, writing for the Court.

Timothy E. Mund was convicted of several crimes, the most serious of which was first-

---

\* Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

**1.** First-degree assault is a class A felony (*see* AS 11.41.200(b)), and AS 12.55.125(c)(4) prescribes

---

degree assault. In our previous opinion in this case, *Mund v. State*, Alaska App. Memorandum Opinion No. 5914 (February 6, 2013), 2013 WL 466421, we affirmed Mund's convictions, but we left one issue undecided: Mund's claim that his composite sentence of 20 years to serve was excessive.

Because of Mund's many prior felony convictions, he was a "third felony offender" for presumptive sentencing purposes, and he therefore faced a presumptive range of 15 to 20 years' imprisonment for his first-degree assault conviction.[1]

The superior court sentenced Mund to serve 18 years for this crime, and the court added a total of 2 more years to serve for Mund's other offenses. Thus, Mund's composite sentence—20 years to serve—falls within the applicable presumptive sentencing range for his most serious offense.

One portion of Alaska's sentence appeal statute, AS 12.55.120(a), declares that felony defendants who receive more than 2 years to serve have the right to appeal their sentence, unless that term of imprisonment was an agreed-upon provision of a plea bargain. But in 2005, the Legislature enacted another subsection, AS 12.55.120(e), which limits this right of appeal. Subsection (e) declares that "[if a] sentence [is] within an applicable presumptive range[, the sentence] may not be appealed to the court of appeals ... on the ground that the sentence is excessive."

The enactment of this new subsection (e) also affected this Court's jurisdiction to hear felony sentence appeals, because the pertinent portion of our jurisdictional statute—AS 22.07.020(b)—contains a cross-reference to the provisions of AS 12.55.120. Our jurisdictional statute declares that we have the authority to review felony sentences exceeding two years to serve "except as limited in AS 12.55.120". Because of this cross-reference, we lack jurisdiction to hear the appeal of any sentence if that appeal is not authorized by the provisions of AS 12.55.120.

a presumptive sentencing range of 15 to 20 years' imprisonment for third felony offenders convicted of a class A felony (other than the sexual felonies covered by AS 12.55.125(i)).

Thus, because of the enactment of AS 12.55.120(e), Mund apparently has no right to appeal his sentence, and this Court apparently has no jurisdiction to review his sentence. But this new restriction on the right of sentence appeal, and this new restriction on our jurisdiction to hear sentence appeals, conflict with the provisions of Alaska Appellate Rule 215(a) enacted by the Alaska Supreme Court.

Subsection (a)(1) of Appellate Rule 215 tracks the language of AS 12.55.120(a). Rule 215(a)(1) declares that felony defendants have the right to appeal any sentence longer than 2 years to serve (unless the defendant's term of imprisonment was an agreed-upon provision of a plea bargain). This right of appeal applies even when a defendant's sentence is within the applicable presumptive range. And subsection (a)(4) of Rule 215 declares that these sentence appeals "must be taken to the court of appeals".

Because of this conflict between the statutes and the court rule, we asked the parties to brief the questions of (1) Mund's right to appeal his sentence, and (2) this Court's authority to review Mund's sentence for excessiveness. Here, in a nutshell, are our conclusions:

AS 12.55.120(e) ostensibly changed Alaska law in three ways. First, the statute eliminated the right of sentence appeal for defendants who receive sentences within the applicable presumptive range. Second, the statute apparently eliminated this Court's jurisdiction to hear such appeals—because our sentence appeal jurisdiction statute, AS 22.07.020(b), defines our jurisdiction according to which defendants have a right of appeal under AS 12.55.120. And third, AS 12.55.120(e) expressly recognized the right of these defendants to seek discretionary review of their sentences by filing a petition either in the supreme court or in this Court. (The Legislature left this choice up to the supreme court.)

The Legislature has sole authority to define this Court's jurisdiction. Thus, to the extent Appellate Rule 215(a) purports to give this Court jurisdiction over sentence appeals when the Legislature has taken that authority away, the court rule has no legal effect. The Alaska Supreme Court can not grant this Court additional jurisdiction by court rule.

But on the question of which defendants have a right to appeal their sentence, Appellate Rule 215(a) takes precedence over any conflicting statute. Thus, in order for the Legislature to eliminate the right of sentence appeal for defendants whose sentence is within the applicable presumptive range, the Legislature had to exercise its authority under Article IV, Section 15 of the Alaska Constitution to amend Appellate Rule 215(a) to incorporate this new restriction on the right of sentence appeal. The Legislature neglected to do that, so the broader right of sentence appeal codified in Appellate Rule 215(a) continues to govern. Felony defendants who receive a sentence within the applicable presumptive range continue to have the right to appeal their sentence, as long as their sentence exceeds two years to serve and their sentence was not an agreed-upon provision of a plea bargain.

This leaves us in a quandary: Given the fact that the Legislature failed to achieve its goal of eliminating these defendants' right of sentence appeal, would the Legislature still wish to deprive this Court of jurisdiction to hear these sentence appeals—a result which would send these appeals to the supreme court?

(See AS 22.05.010(b), which declares that when litigants have a right of appeal, that appeal is "to the supreme court [as] a matter of right ... in [all] actions and proceedings from which there is no right of appeal to the court of appeals under AS 22.07.020[.]")

We have examined the legislative history of AS 12.55.120(e), and we conclude that the Legislature would not wish to limit this Court's sentence appeal jurisdiction unless, at the same time, the restriction on the right of sentence appeal codified in AS 12.55.120(e) also took effect—*i.e.*, unless defendants who received sentences within the applicable presumptive range were deprived of the right to appeal their sentences.

We therefore conclude that no provision of AS 12.55.120(e) should be given effect. Because the Legislature failed to amend Appellate Rule 215, defendants ostensibly covered

by AS 12.55.120(e) retain their pre-existing right to appeal their sentences, and this Court retains its jurisdiction to hear those appeals.

We will now explain our analysis in much greater detail. Readers who are already convinced that we have correctly described Alaska law, and that we have accurately discerned the intent of AS 12.55.120(e), may proceed directly to the final section of this opinion, where we analyze whether Mund's composite sentence of 20 years' imprisonment is excessive.

*The legal background of this controversy, part 1: principles of sentence review under Alaska law*

In 1968, in *Bear v. State*, [2] the Alaska Supreme Court held that it did not have the authority to review a lawfully imposed sentence to determine whether it was excessive or overly lenient.[3] In response, the Alaska Legislature took action the following year to authorize sentence appeals. *See* SLA 1969, ch. 117, §§ 1 and 4.

In section 1 of this 1969 session law, the Legislature amended the supreme court's jurisdictional statute by adding a provision that expressly authorized the court to review criminal sentences. *See* AS 22.05.010(b) (1969 version).[4] And in section 4 of the session law, the Legislature enacted the original version of AS 12.55.120—a statute giving certain criminal defendants the right to appeal their sentence.

As originally enacted, AS 12.55.120(a) declared that a defendant could appeal any sentence that exceeded one year's imprisonment.[5] But seven years later, in 1976,[6] the supreme court enacted a court rule, Appellate Rule 21(a), which defined the right of sentence appeal in a manner inconsistent with the statute. Appellate Rule 21(a) declared that defendants had the right to appeal any sentence of 45 days or more.[7]

In *Wharton v. State*, 590 P.2d 427 (Alaska 1979), the supreme court held that the appellate rule took precedence over the sentence appeal statute. The court gave two discrete reasons for its decision.

First, the court asserted that the *Bear* decision was wrong—that the supreme court, in fact, possessed the inherent power to review criminal sentences, because Article IV, Section 2 of the Alaska Constitution declares that the supreme court has "final appellate jurisdiction" in all judicial proceedings. *Id.* at 428–29.

Second, the supreme court reasoned that, once the Legislature granted defendants a right of sentence appeal (albeit a limited right), the court had the authority to "expand[ ] that right" by court rule. *Id.* at 429.

In *Coffman v. State*, 172 P.3d 804 (Alaska App.2007), this Court was required to revisit and interpret the supreme court's decision in *Wharton*. We concluded that *Wharton* stood for two fundamental propositions.

2. 439 P.2d 432 (Alaska 1968).

3. *Bear*, 439 P.2d at 435.

4. As enacted in 1969, AS 22.05.010(b) stated (in pertinent part): "The supreme court has jurisdiction to hear appeals of sentences of imprisonment lawfully imposed by the superior courts on the grounds that the sentence is excessive or too lenient and, in the exercise of this jurisdiction, may modify the sentence as provided by law and by the constitution of this state." (This statute is quoted in *Wharton v. State*, 590 P.2d 427, 431 (Alaska 1979).)

In 1980, when the Legislature created this Court to handle criminal appeals, the Legislature deleted the sentence review provision from the supreme court's jurisdictional statute and placed corresponding sentence review provisions in this Court's jurisdictional statute. *See* SLA 1980, ch. 12, §§ 1 and 2.

5. As enacted in 1969, AS 12.55.120(a) stated: "A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding one year may be appealed to the supreme court by the defendant on the ground that the sentence is excessive. By appealing a sentence under this section, the defendant waives the right to plead that by a revision of the sentence resulting from the appeal he has been twice placed in jeopardy for the same offense." (This statute is quoted in *Wharton v. State*, 590 P.2d 427, 429 n. 4 (Alaska 1979).)

6. *See* Supreme Court Order No. 218 (effective January 15, 1976).

7. The text of the rule is quoted in *Wharton v. State*, 590 P.2d 427, 429 (Alaska 1979).

First, we declared that the *Wharton* decision "rests on the concept ... that, even in the absence of authorizing legislation, the supreme court has the power to review any judicial decision made in a criminal case—including the sentencing judge's exercise of sentencing discretion":

> [E]ven though the Alaska statutes governing sentence appeals were originally thought to *confer* a special right of appeal (and to expand the supreme court's jurisdiction accordingly), a defendant's substantive right to seek appellate review of a sentence for alleged excessiveness, and the supreme court's authority to hear that claim, actually exist irrespective of these statutes.

*Coffman,* 172 P.3d at 809 (emphasis in the original).

Second, we declared that, because the supreme court has the inherent power to review criminal sentences, even in the absence of legislation, Alaska's sentence appeal statutes "are in fact addressed solely to matters of procedure—or, in the case of the [jurisdictional] provisions found in AS 22.07, the issue of the division of appellate jurisdiction between this Court and the supreme court." *Id.* at 809. We explained:

> [T]he truth of the matter is that every defendant in Alaska has the right to seek appellate review of their sentence on the ground that it is excessive. The effect of our sentence appeal statutes is not to confer or withhold this right, but rather to define the *manner* in which the appellate review is invoked and conducted.

*Ibid.* (emphasis in the original).

By "the manner in which appellate review is invoked and conducted", we were referring to the two main components of sentence review law.

The first of these components is jurisdictional: identifying the appellate court that is authorized to review the sentence.

In *Wharton,* the supreme court declared that it had the inherent authority to review criminal sentences, stemming from its constitutional role as the final appellate tribunal under Article IV, Section 2. But this Court has no such inherent power: our existence does not derive from the Alaska Constitution, but rather from an act of the Legislature.[8]

■ Because we are a creature of statute, our jurisdiction is defined by statute—in particular, the provisions of AS 22.07.020. The Legislature has the power to restrict this Court's authority to review sentences, either by limiting our review to specific types of cases or sentences, or by excluding specific types of cases or sentences from our review.

The second component of sentence review law is procedural: the rules that specify whether a particular class or group of defendants has the right to "appeal" their sentence or, instead, only the right to "petition" an appellate court to review their sentence.

■ The right of "appeal" means the right to *require* an appellate court to review the sentencing court's decision. The right of "petition", on the other hand, means the right to *request* an appellate court to review the sentencing decision—a request which the appellate court may grant or deny as it sees fit. *See Rozkydal v. State,* 938 P.2d 1091, 1094 (Alaska App.1997).

■ As we explained in *Coffman,* the Alaska Supreme Court's decision in *Wharton* implicitly stands for the proposition that, once a right of sentence appeal has been created, the Legislature's enactments regarding the right of sentence appeal are all *procedural. Coffman,* 172 P.3d at 809. And because the sentence appeal statutes are procedural, the provisions of these statutes are superseded by any corresponding and conflicting provisions of the court rules—unless and until the Legislature exercises its constitutional authority under Article IV, Section 15 to amend the conflicting court rules.

(Article IV, Section 15 declares that, to amend a court rule, the Legislature must pass the amendment by a two-thirds vote of the members elected to each house. In addition, the Legislature must adhere to the procedure specified in *Leege v. Martin,* 379 P.2d 447, 451 (Alaska 1963). Most notably, the

---

8. SLA 1980, ch. 12, § 1.

Legislature must expressly state its intention to amend the court rule.)

*The legal background of this controversy, part 2: the Alaska Legislature's revisions of the right of appeal in 1993 and 1995*

In 1993, the Legislature amended this Court's jurisdictional statute by deleting certain limitations on the government's right of appeal in criminal cases. *See* SLA 1993, ch. 71, § 2. But at that time, Appellate Rule 202(c) still contained the old limitations on the government's right of appeal. To resolve this conflict, the Legislature exercised its authority under Article IV, Section 15 of the Alaska Constitution to repeal Appellate Rule 202(c). *See* SLA 1993, ch. 71, § 6.

In 1995, the Legislature took action to limit felony defendants' right of sentence appeal. The Legislature amended AS 12.55.120(a) to specify that a felony sentence could not be appealed unless (1) the sentence exceeded 2 years to serve and (2) it was not a negotiated provision of a plea bargain.[9] *See* SLA 1995, ch. 79, § 7.

At the same time, the Legislature made a conforming amendment to this Court's jurisdictional statute, AS 22.07.020(b), so that this Court no longer had jurisdiction to review a sentence unless it met the new criteria of AS 12.55.120(a). *See* SLA 1995, ch. 79, §§ 11–12.

As part of this same session law (SLA 1995, ch. 79, § 11), the Legislature made one other notable change to this Court's jurisdictional statute—a change that will be important to our discussion later in this opinion. The Legislature inserted the words, "Except as limited in AS 12.55.120", at the beginning of AS 22.07.020(b):

(b) Except as limited in AS 12.55.120, the court of appeals has jurisdiction to hear appeals of unsuspended sentences of imprisonment exceeding two years for a felony offense....

■ Technically speaking, nothing in AS 12.55.120 "limits" the jurisdiction of this Court. AS 12.55.120 does not speak to the jurisdiction of this Court; rather, the statute defines the right of sentence appeal. However, the obvious purpose of the new language was to eliminate the need for the Legislature to keep making conforming amendments to this Court's jurisdictional statute every time the Legislature altered the right of sentence appeal defined in AS 12.55.120. Thus, after 1995, any change in a defendant's right of sentence appeal under AS 12.55.120 will work a corresponding change in this Court's sentence review jurisdiction.

The Legislature's 1995 amendments of AS 12.55.120 and AS 22.07.020 once again created a conflict with the existing appellate rules. The rule governing sentence appeals, Appellate Rule 215(a), codified the old provision discussed in *Wharton*—the provision giving a right of sentence appeal to all defendants who received 45 days or more to serve. So once again, to resolve this conflict, the Legislature exercised its constitutional power to repeal (and re-write) Appellate Rule 215(a) to make it conform to the new limitations codified in AS 12.55.120(a). *See* SLA 1995, ch. 79, § 20.

A few months later, the supreme court promulgated a revised version of Appellate Rule 215(a) which differed somewhat from the structure and wording chosen by the Legislature, but which incorporated all of the

---

9. This 1995 amendment brought AS 12.55.120(a) to its present form:

A sentence of imprisonment lawfully imposed by the superior court for a term or for aggregate terms exceeding two years of unsuspended incarceration for a felony offense or exceeding 120 days for a misdemeanor offense may be appealed to the court of appeals by the defendant on the ground that the sentence is excessive, unless the sentence was imposed in accordance with a plea agreement ... and that agreement provided for imposition of a specific sentence or a sentence equal to or less than a specified maximum sen-

tence. If the superior court imposed a sentence in accordance with a plea agreement that provided for a minimum sentence, the defendant may appeal only that portion of the sentence that exceeds the minimum sentence provided for in the plea agreement and that exceeds two years of unsuspended incarceration for a felony offense or 120 days of unsuspended incarceration for a misdemeanor offense. By appealing a sentence under this section, the defendant waives the right to plead that by a revision of the sentence resulting from the appeal the defendant has been twice placed in jeopardy for the same offense.

Legislature's substantive changes.[10]

In particular, the supreme court did not attempt to alter the Legislature's new restrictions on the right of sentence appeal; it incorporated those restrictions in Appellate Rule 215(a)(1). But in addition, the supreme court wrote two new rules—Appellate Rule 215(a)(2) [now renumbered as 215(a)(5) ] and Appellate Rule 403(h)—to govern a new form of appellate litigation: the petition for sentence review, which was available to all defendants whose sentence was not appealable under the provisions of AS 12.55.120 and the new version of Appellate Rule 215(a)(1).

 This new petition for sentence review is premised on one of the principles of the *Wharton* decision: the principle that the supreme court has the constitutional authority to review any judicial decision, including sentencing decisions. The Legislature might take away a defendant's right of sentence *appeal (i.e.,* the procedural right to *demand* appellate review of their sentence), and the Legislature might take away *this Court's* jurisdiction to review the defendant's sentence, but the supreme court retains the discretionary authority to review the sentence.

Compare *State v. Browder,* 486 P.2d 925, 929–931 (Alaska 1971), where the supreme court held that even when a statute restricted the government's right of appeal in criminal cases, the government was nevertheless entitled to *petition* the supreme court to review any trial court decision in a criminal case.

Indeed, when the Legislature re-defined the right of appeal in criminal cases in 1993 and 1995, one salient aspect of the Legislature's actions is that, in both instances, the *Legislature* implicitly acknowledged the principle behind the supreme court's decision in *Wharton.*

As we have explained, *Wharton* stands for the proposition that, once a right of appeal is enacted, the provisions governing that right of appeal—for instance, the rules specifying how long a defendant's sentence must be to trigger the right of appeal—are procedural. And because these provisions of law are pro-

cedural, when there is a conflict between a court rule and a statute, the court rule will prevail—unless the Legislature has exercised its constitutional authority to repeal, amend, or re-write the court rule that contained the contrary provision.

That is precisely what the Legislature did in 1993 and 1995: they eliminated the conflicting appellate rule—in one instance by simply repealing the rule, and in the other instance by re-writing it.

However, as we explain in the next section of this opinion, the Legislature failed to make a conforming amendment to Appellate Rule 215(a) when, in 2005, they amended AS 12.55.120 by adding subsection (e), a subsection that contains new restrictions on the right of sentence appeal. This means that Appellate Rule 215(a) is in conflict with the current version of AS 12.55.120—and this conflict is the source of the present legal controversy.

*The Alaska Legislature's enactment of AS 12.55.120(e) in 2005—and the creation of the conflict between the sentence appeal statute, AS 12.55.120, this Court's jurisdictional statute, AS 22.07.020, and the court rule governing sentence appeals, Appellate Rule 215(a)*

We turn now to the legislative session of 2005, when the Legislature amended AS 12.55.120 to add a new restriction on the right of sentence appeal. This time, the Legislature did not amend subsection (a) of the statute; instead, the Legislature added a new subsection (e). *See* SLA 2005, ch. 2, § 7.

The first sentence of subsection (e) declares that a defendant has no right to appeal a sentence that lies within the applicable presumptive range for the offense:

> A sentence within an applicable presumptive range set out in AS 12.55.125[,] or a consecutive or partially consecutive sentence imposed in accordance with the minimum sentences set out in AS 12.55.127 [a statute that requires consecutive sentencing under certain circumstances] may not be appealed to the court of appeals

**10.** *See* Supreme Court Order No. 1226 (effective January 22, 1996).

under this section or AS 22.07.020 [i.e., the statute defining this Court's jurisdiction] on the ground that the sentence is excessive.

Although this portion of the statute declares that such sentences may not be appealed "to the court of appeals", the legislative history of the statute demonstrates that the legislature intended to completely eliminate the right of sentence appeal for these defendants, including appeals to the supreme court.

As initially proposed, subsection (e) comprised a single sentence, and it would have completely eliminated judicial authority to reverse a sentence within the applicable presumptive range, either by appeal or by petition:

> (e) A sentence reviewed by the [court of appeals] under [AS 12.55.120] and AS 22.07.020, ... or a sentence reviewed by petition [to the supreme court] under court rules, may not be reversed as excessive ... if the sentence is within an applicable presumptive range set out in AS 12.55.125, or is a consecutive or partially consecutive sentence imposed in accordance with the minimum sentences set out in AS 12.55.127.

Senate Bill 56 (24th Legislature) (original version of January 14, 2005).

An undated sectional analysis of this proposed statute, distributed to the Senate Judiciary Committee, described the statute as "mak[ing] it clear that the [appellate] courts in Alaska cannot reverse a sentence as excessive if a judge imposes [the] sentence within

[the applicable] statutory [presumptive] range".[11]

But some legislators expressed concern that an absolute prohibition on appellate review of sentences would be unconstitutional.[12] This view was endorsed by a legislative research report[13] and by a memorandum written by the Public Defender Agency to the House Judiciary Committee[14]—each suggesting that an absolute prohibition on sentence review would run afoul of this Court's decision in *Rozkydal v. State.*[15]

(In *Rozkydal*, this Court held that the restrictions on sentence appeals codified in AS 12.55.120(a) did not limit a defendant's right to petition the supreme court for discretionary review of their sentence.[16])

Based on these concerns, Representative Les Gara proposed an amendment that would allow defendants who received sentences within the applicable presumptive range to file petitions for sentence review in the supreme court. Specifically, this proposed amendment stated that a sentence within the presumptive range "may be reviewed by the supreme court on the grounds that it is excessive through a petition filed under rules adopted by the supreme court."[17]

(As we have already explained, the supreme court had already promulgated court rules in 1996—Appellate Rule 215(a)(5) and Appellate Rule 403(h)—which provide that if a defendant receives a sentence that is not appealable under Appellate Rule 215(a)(1), the defendant can petition the supreme court to review the sentence.)

---

**11.** *See* the undated sectional analysis of Senate Bill 56 (24th Legislature), contained in the Senate Judiciary Committee file on Senate Bill 56.

**12.** Minutes of the House Judiciary Committee concerning the Committee Substitute for Senate Bill 56: January 31, 2005 @ 2:17:22 and February 2, 2005 @ 1:53:57.

**13.** Patricia Young, Manager, Legislative Research Services, *Right of Appeal Based on the Excessiveness of a Criminal Sentence* (January 31, 2005)—a legislative research report prepared for Senator Gene Therriault. This document, Report No. 05.141, is contained in the House Judiciary Committee file on Senate Bill 56.

**14.** Linda K. Wilson, "Memorandum to the House Judiciary Committee on constitutional concerns raised by SB 56 and HB 78" (January 31, 2005), contained in the House Judiciary Committee file on SB 56.

**15.** 938 P.2d 1091 (Alaska App.1997).

**16.** 938 P.2d at 1094–95.

**17.** Minutes of the House Judiciary Committee concerning the Committee Substitute for Senate Bill 56: February 4, 2005 @ 1:17:20.

The House Finance Committee proposed yet another version of subsection (e)—a version that was ultimately enacted.[18] In this new version, the language about allowing defendants to file sentence review petitions in "the supreme court" was changed to language that allowed these petitions to be filed in "an appellate court"—with the supreme court having the authority to select the appropriate appellate court through court rule.[19]

The purpose of this change was to allow sentence review petitions to be heard by this Court. The only person to testify about this proposed change was an administrative attorney for the Alaska Court System, who told the Committee that he favored the proposed amendment because it would allow this Court (rather than the supreme court) to conduct the discretionary sentence review, since this Court had more expertise in criminal matters. After hearing the administrative attorney's comments, the House Finance Committee approved the amendment.[20] And, in this form, the proposed statute was enacted as SLA 2005, ch. 2, § 7.

Here is the final (and current) wording of AS 12.55.120(e):

(e) A sentence within an applicable presumptive range set out in AS 12.55.125 or a consecutive or partially consecutive sentence imposed in accordance with the minimum sentences set out in AS 12.55.127 may not be appealed to the court of appeals under this section or AS 22.07.020 on the ground that the sentence is excessive. However, the sentence may be reviewed by an appellate court on the ground that it is excessive through a petition filed under rules adopted by the supreme court.

This session law was passed by the Senate in an 18–0 vote,[21] and by the House in a 36–0 vote.[22] However, the session law did not conform to the rule announced in *Leege v. Martin* because it did not contain any language specifying the Legislature's intent to amend Appellate Rule 215(a).

Because SLA 2005, ch. 2 did not expressly declare the Legislature's intention to amend Appellate Rule 215(a), that court rule remained unchanged.[23] And, as we have explained, Appellate Rule 215(a) was written in 1995 to codify the restrictions on the right of sentence appeal contained in AS 12.55.120($a$), not the new restrictions contained in subsection (e). To this day, Appellate Rule 215(a) continues to reflect the pre–2005 sentence appeal law.

Thus, under Appellate Rule 215(a)(1), if a felony defendant receives a sentence of more than 2 years to serve, and if this sentence was not an agreed-upon provision of a plea bargain, the defendant is entitled to appeal the sentence—regardless of whether the sentence lies within the applicable presumptive range.

Appellate Rule 215(a)(4) declares that these sentence appeals must be taken to this Court—but this provision of the rule now contravenes the provisions of this Court's jurisdictional statute.

As we explained in the opening section of this opinion, AS 22.07.020(b) states that this Court's jurisdiction to hear sentence appeals is limited to those appeals authorized by AS 12.55.120. Because AS 12.55.120(e) declares that felony defendants have no right to appeal their sentence if the sentence falls within the applicable presumptive sentencing range, the enactment of AS 12.55.120(e) effectively stripped this Court of its authority

---

**18.** Minutes of the House Finance Committee concerning the Committee Substitute for Senate Bill 56: February 16, 2005 @ 1:45:45.

**19.** *See* House Committee Substitute for Committee Substitute for Senate Bill 56(FIN), section 7—*available at:* http://www.legis.state.ak.us/basis/get_bill_text.asp?hsid=SB0056D & session=24.

**20.** Minutes of the House Finance Committee for February 16, 2005 @ 1:47:03.

**21.** 2005 Senate Journal 429, *available at:* http://www.legis.state.ak.us/basis/get_jrn_page.asp?session=24 & bill=SB56 & jrn=0439 & hse=S.

**22.** 2005 House Journal 480, *available at:* http://www.legis.state.ak.us/basis/ get_jrn_page. asp?session=24 & bill=SB56 & jrn=0480 & hse=H.

**23.** *See Leege v. Martin*, 379 P.2d 447, 451 (Alaska 1963).

to hear the sentence appeals of defendants covered by this statute.

It is now our task to resolve these conflicts if we can.

*The two aspects of AS 12.55.120(e)—one procedural, the other jurisdictional*

The legislature's enactment of AS 12.55.120(e) ostensibly changed Alaska's law of sentence review in three major respects:

(1) The first sentence of the statute contains a new restriction on felony defendants' right of sentence appeal. Under this new restriction, even if a felony sentence would be appealable under the provisions of AS 12.55.120(a) (*i.e.,* even if the sentence exceeds 2 years to serve), the sentence can not be appealed if it is within the applicable presumptive range.

(2) This Court's jurisdictional statute, AS 22.07.020(b), declares that this Court's sentence review jurisdiction is linked to the right of sentence appeal codified in AS 12.55.120. Thus, the Legislature's enactment of the new restriction on the right of sentence appeal in AS 12.55.120(e) concomitantly deprived this Court of the authority to hear any such sentence appeals.

(3) The second sentence of subsection (e) declares that, in cases where the new restriction codified in subsection (e) bars the appeal of a sentence, the supreme court is nevertheless authorized to enact court rules to allow these defendants to *petition* for sentence review—either to the supreme court itself or to this Court, depending on the supreme court's preference.

*(a) The first change: the new restriction on the right of appeal*

■ With regard to the new restriction on the right of sentence appeal, this change in the law is "procedural" for purposes of the supreme court's decision in *Wharton* and this Court's decision in *Coffman.* This means that the statutory restriction must yield to a contrary court rule.

As we explained earlier, one of the major issues confronting the supreme court in *Wharton* was whether to enforce the restriction on sentence appeals codified in AS

12.55.120 (sentences exceeding 1 year) or, instead, to enforce the competing restriction contained in the corresponding appellate rule (sentences of 45 days or more). *Wharton,* 590 P.2d at 428–29. The supreme court treated this distinction as a procedural one. The court declared that, once the Legislature granted defendants a right of sentence appeal, the supreme court had the authority to "expand[ ] that right" by court rule. *Id.* at 429.

This does not mean that the supreme court necessarily has the last word. Under Article IV, Section 15 of the Alaska Constitution, the Legislature has the power to change court rules by a two-thirds vote of the members elected to each house.

■ However, under *Leege v. Martin,* 379 P.2d 447, 451 (Alaska 1963), when the Legislature wishes to change a court rule, the Legislature must draft its bill so that it contains a provision expressly declaring this purpose. In the absence of such a statement of purpose, the resulting session law has no effect on the conflicting procedural provisions of the court rules. *Ibid.*

Here, when the Legislature enacted AS 12.55.120(e) to restrict the right of sentence appeal, the Legislature failed to specify its intention to amend Appellate Rule 215(a)(1), the corresponding court rule that defined the right of sentence appeal.

Concededly, it is obvious that the Legislature wished to restrict the right of sentence appeal in a manner that is inconsistent with the provisions of Appellate Rule 215(a)(1). But as a legal matter, the clearness or obviousness of the Legislature's wishes makes no difference. In *Nolan v. Sea Airmotive, Inc.,* 627 P.2d 1035, 1046 (Alaska 1981), the Alaska Supreme Court squarely rejected the argument that, whenever the Legislature's intended result is clear, any conflicting court rules must be harmonized with the Legislature's wishes even though the Legislature failed to comply with *Leege v. Martin.*

*(b) The second and third changes: the amendments to this Court's sentence review jurisdiction*

Because the first sentence of AS 12.55.120(e) restricts the right of sentence

appeal, it also restricts this Court's authority to engage in sentence review.

As we explained earlier, the portion of this Court's jurisdictional statute that defines our authority to review sentencing decisions of the superior court, AS 22.07.020(b), now begins with the phrase "Except as limited in AS 12.55.120"—thus linking the scope of our sentence review jurisdiction to the scope of sentence appeals allowed by AS 12.55.120. Because of this statutory clause, every new limitation on the right of sentence appeal codified in AS 12.55.120 also works a corresponding limitation on this Court's jurisdiction to hear sentence appeals.

■ At the same time, the second sentence of AS 12.55.120(e) gives the supreme court the power to *expand* this Court's sentence review jurisdiction—by enacting court rules to authorize this Court to hear petitions for sentence review in cases where the right of appeal is barred by AS 12.55.120(e).

This second sentence of AS 12.55.120(e) introduced something new to the judicial review of sentences in Alaska. Before the enactment of AS 12.55.120(e), there had always been a strict correlation between the definition of the right of sentence appeal and the definition of this Court's jurisdiction to conduct sentence review. If a sentence was appealable (*i.e.*, if the defendant had a right to *demand* judicial review of the sentence), the Legislature would give this Court jurisdiction to review the sentence. If a sentence was not appealable (*i.e.*, if it was only petitionable), the Legislature would take away this Court's jurisdiction to review the sentence, and any petitions for sentence review would go to the supreme court.

Indeed, the current version of Appellate Rule 215(a) is premised on this long-standing legislative practice. Subsection (a)(1) of the rule lists the types of sentences that are appealable. Subsection (a)(4) declares that whenever a sentence is appealable, the appeal must be filed in this Court. And subsection (a)(5) declares that whenever a sentence is *not* appealable, the defendant has a right to petition for sentence review, and this petition must be filed in the supreme court.

But AS 12.55.120(e) departs from this practice. The second sentence of this statute declares that if a defendant's sentence is non-appealable because it is within the applicable presumptive range, the sentence may nevertheless "be reviewed by an appellate court ... through a petition filed under rules adopted by the supreme court." And as we explained above, the Legislature used the phrase "an appellate court" (instead of "the supreme court") because the Legislature wanted to let the supreme court decide which appellate court would handle these petitions.

Because this Court's jurisdictional statute, AS 22.07.020(b), contains a cross-reference to the provisions of AS 12.55.120, this second sentence of AS 12.55.120(e) has the practical effect of granting the supreme court the power to enlarge this Court's sentence review jurisdiction by court rule.

If the supreme court exercises its authority under AS 12.55.120(e) to enact a court rule that allows this group of felony defendants to file petitions for sentence review, and if the new court rule specifies that these petitions should be filed in this Court (rather than in the supreme court, as is the current practice), then—because of the opening clause of AS 22.07.020(b)—the supreme court's action will have the effect of expanding this Court's sentence review jurisdiction to include the authority to hear these sentence review petitions.

The Legislature has the authority to define this Court's jurisdiction. And both of the changes we have just been discussing are jurisdictional: (1) taking away this Court's authority to hear sentence appeals in cases where the right of appeal is taken away by AS 12.55.120(e), and (2) potentially expanding this Court's sentence review jurisdiction, if the supreme court exercises its authority under AS 12.55.120(e) to direct those sentence review petitions to this Court.

*Our conclusions regarding AS 12.55.120(e)*

Both AS 12.55.120(e) and Appellate Rule 215(a)(1) define the groups of criminal defendants who have a right to appeal their sentences, but the statute and the rule contain different definitions. These definitions are "procedural" under the supreme court's deci-

sion in *Wharton.* When the Legislature enacted AS 12.55.120(e), it failed to take action to amend or re-write Appellate Rule 215(a). Thus, the current appellate rule takes precedence over the statute, and the restrictions codified in AS 12.55.120(e) have no effect with respect to the right of criminal defendants to appeal their sentences.

■ The result is ostensibly different, however, with respect to the issue of this Court's jurisdiction to engage in sentence review. Under AS 22.07.020(b), this Court's sentence review jurisdiction hinges on the provisions of AS 12.55.120. Because AS 12.55.120(e) declares that defendants whose sentences fall within the presumptive range have no right of sentence appeal, the statute (by its terms) apparently deprives this Court of its authority to hear any such appeals.

All of this presents a conundrum: The Legislature's attempt to eliminate these defendants' right of appeal was not successful. These defendants retain their right to appeal their sentences, and yet the language of AS 12.55.120(e) ostensibly eliminates this Court's jurisdiction to hear these sentence appeals.

But if we implemented the jurisdiction-limiting provision of AS 12.55.120(e), these defendants' sentence appeals would have to be litigated in the supreme court. *See* AS 22.05.010(b): "Appeal to the supreme court is a matter of right ... in those actions and proceedings from which there is no right of appeal to the court of appeals under AS 22.07.020[.]"

This would be a novel result for Alaska law—because, ever since this Court began operation in 1980, the Legislature has consistently sent all sentence appeals to this Court, while all petitions for sentence review (*i.e.,* all requests for appellate review filed by defendants who have no right of sentence appeal) have gone to the supreme court.

■ We acknowledge that, under Alaska law, when one portion of a statute is determined to be invalid, there is a presumption that the remaining portions should still be

given effect. This presumption is codified in AS 01.10.030: "Any law ... enacted by the Alaska legislature ... shall be construed as though it contained ... the following language: 'If any provision of this Act, or the application thereof to any person or circumstance is held invalid, the remainder of this Act and the application to other persons or circumstances shall not be affected thereby.'"

Because of this presumption of severability, we begin with the assumption that even though the provision of AS 12.55.120(e) that restricts the right of sentence appeal is invalid, the provision of the statute that limits this Court's jurisdiction to hear these sentence appeals should nonetheless be given effect.

However, the Alaska Supreme Court has declared that this statutory presumption in favor of severability is a "weak" one—and that the real questions to be asked in this situation are: (1) whether the remaining, valid provision of the statute can be given legal effect in the absence of the accompanying invalid portion, and if so, (2) whether the legislature would have intended the remaining provision to stand, even though the accompanying provision is invalid.[24]

As the supreme court has explained, the reason for asking this second question—*i.e.,* trying to ascertain what the Legislature would probably want to happen, given the invalidation of part of the statute—is to avoid judicial interpretations that "result in a statute that no one wanted".[25] Thus, we must ask whether the Legislature intended to deprive this Court of our jurisdiction to hear the sentence appeals described in AS 12.55.120(e), even if these defendants continued to have the right to appeal their sentences, and even if this meant that these sentence appeals would have to be heard by the Alaska Supreme Court.

If we gave effect to the jurisdiction-limiting provision of AS 12.55.120(e), we would be interpreting the statute to create two separate classes of sentence appeals. Defendants

**24.** *Southeast Alaska Conservation Council v. State,* 202 P.3d 1162, 1172–73 (Alaska 2009); *Lynden Transport, Inc. v. State,* 532 P.2d 700, 712–13 (Alaska 1975).

**25.** *Alaskans for a Common Language, Inc. v. Kritz,* 170 P.3d 183, 210 (Alaska 2007).

who were eligible to appeal under Appellate Rule 215(a)(1), but whose sentences fell within the applicable presumptive range, would have to pursue their appeals in the supreme court. All other defendants who were eligible to appeal under Appellate Rule 215(a)(1) would pursue their appeals in this Court.

We conclude that the Legislature did not intend, and would not wish, to create this dichotomy in the handling of sentence appeals. The legislative history of AS 12.55.120(e) shows that the Legislature's goal was to eliminate these defendants' right of appeal. The concomitant limitation of this Court's jurisdiction—the limitation arising from the phrase "except as limited in AS 12.55.120" in our jurisdictional statute—was purely ancillary to this goal.

To the extent the Legislature was actively concerned with matters of appellate jurisdiction, it appears that the Legislature's main goal was to eliminate the authority of *either* of Alaska's appellate courts to hear sentence appeals from defendants who received sentences within the applicable presumptive range—and to replace those sentence appeals with petitions for discretionary sentence review.

Given all of this, we conclude that the Legislature did not intend the jurisdiction-limiting provision of AS 12.55.120(e) to take effect unless, at the same time, the restriction on the right of sentence appeal codified in AS 12.55.120(e) also took effect—*i.e.*, unless these defendants were actually deprived of the right to appeal their sentences.

We therefore hold that the provisions of AS 12.55.120(e) are not severable. Because the restriction on sentence appeals codified in AS 12.55.120(e) is invalid, no provision of AS 12.55.120(e) should be given effect. Thus, felony defendants who have the right to appeal their sentence under the provisions of Appellate Rule 215(a)(1) remain eligible to pursue their appeal even though their sentence is within the applicable presumptive range—and this Court retains its jurisdiction to hear those appeals.

*Whether Mund's 20–year composite sentence is excessive*

As we described in our first opinion in this case, *Mund v. State*, Alaska App. Memorandum Opinion No. 5914 (February 6, 2013), 2013 WL 466421, Mund drove over a pedestrian while attempting to escape from police officers who were trying to arrest him. (At the time, Mund was an escapee.)

Based on this incident, Mund was convicted of first-degree assault, third-degree assault, reckless driving, failing to stop and render aid at the scene of an injury accident, failing to stop at the direction of a police officer, and driving with a suspended license.

Mund was 44 years old when he was sentenced for these offenses, and he had 37 prior convictions, including several felonies. Because of his prior felonies, Mund was a "third felony offender" for presumptive sentencing purposes, and he therefore faced a presumptive sentencing range of 15 to 20 years' imprisonment for his most serious offense, the class A felony of first-degree assault.[26]

Mund does not challenge the superior court's finding of four aggravating factors under AS 12.55.155(c): (c)(15)—that Mund had more than two prior felony convictions; (c)(20)—that Mund was on felony probation when he committed his current crimes; (c)(21)—that Mund had a history of repeated instances of similar criminal conduct; and (c)(31)—that Mund had five or more convictions for class A misdemeanors.

When the superior court imposed Mund's composite sentence of 20 years to serve, the court declared that its sentencing decision was based primarily on Mund's "overall record"—which, as we have explained, included 37 prior convictions.

The court concluded that, given Mund's age and his criminal record, Mund's potential for rehabilitation was "at best guarded". The superior court further found that Mund was a "worst offender" as that phrase is

---

**26.** *See* AS 11.41.200(b) (classifying first-degree assault as a class A felony) and AS 12.55.125(c)(4) (prescribing a 15– to 20–year presumptive range for third felony offenders convicted of a class A felony, other than a sexual felony).

defined in Alaska sentencing cases.[27] Having made these findings, the court sentenced Mund to a composite term of 20 years' imprisonment—the top of the applicable presumptive range, and the maximum sentence for Mund's single most serious offense.[28]

The superior court's findings are supported by the record. Given those findings, and given the facts of the present case and Mund's criminal history, we can not say that a composite sentence of 20 years to serve is clearly mistaken.[29] We therefore uphold this sentence.

### Conclusion

The judgement of the superior court is AFFIRMED.

Judge COATS, concurring.

Judge COATS, concurring.

I agree that this Court has jurisdiction to review Mund's sentence appeal. But I see no reason to invalidate AS 12.55.120(e). We should construe AS 12.55.120(e) and Appellate Rule 215(a) harmoniously if possible,[1] and I believe the statute can be reconciled with the rule.

When the Alaska Legislature enacted AS 12.55.120(e), it sought to amend the procedure set out in Appellate Rule 215(a). From my review of the legislative history, it appears that the legislature concluded that, when a court imposes a sentence within the presumptive range for a criminal offense, it is highly unlikely the defendant will be successful in appealing the sentence as excessive. The legislature reasoned that it would be a better use of judicial resources to give appellate courts discretion to review such sentences through a petition for review, rather than to require appellate courts to review these sentences as a matter of right.

This intent is reflected in the language of AS 12.55.120(e), which provides that a sentence within the presumptive range may not be appealed as excessive to the court of appeals, but "may be reviewed by an appellate court on the ground that it is excessive through a petition filed under rules adopted by the supreme court." The legislature adopted this language in response to testimony by an administrative attorney for the Alaska Court System. The attorney testified that he favored this language because it would allow the court of appeals, which has more expertise in criminal matters, to conduct the discretionary sentence review. It is therefore apparent that the legislature anticipated that discretionary review of such sentences would be performed by the court of appeals—though the supreme court would establish the procedural rules under which this jurisdiction would be exercised.

Appellate Rule 215(a) allows a defendant to appeal any felony sentence in excess of two years of unsuspended imprisonment to the court of appeals, unless the sentence was imposed as part of a plea bargain.[2] The legislature has the authority to change this rule with a two-thirds vote of the members elected to each house, under the procedures specified in *Leege v. Martin.*[3] Because it has not done so, the legislature has given no direct indication that it intended to override the supreme court's authority in this area.

It therefore appears to me that this Court is obligated to follow Appellate Rule 215(a) by continuing to review any felony sentence in excess of two years that is not imposed as part of a plea agreement, even if the sentence is within the presumptive range—at least until the supreme court grants this Court authority to review such sentences as discretionary petitions for review.

**27.** *See, e.g., State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975); *Napayonak v. State,* 793 P.2d 1059, 1062 (Alaska App.1990).

**28.** *See* AS 12.55.125(c).

**29.** *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974) (an appellate court is to affirm a sentencing decision unless the decision is clearly mistaken).

**1.** *Nelson v. Anchorage,* 267 P.3d 636, 642 (Alaska 2011).

**2.** Alaska Rules of Appellate Procedure, Rule 215(a)(1), (4).

**3.** 379 P.2d 447, 450–51 (Alaska 1963).