NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific*</u> <u>*Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

JUSTIN PATRICK ISADORE,

                              Petitioner,

v.

STATE OF ALASKA,

                              Respondent.

Court of Appeals No. A-12537
Trial Court No. 3KO-16-042 CR

O P I N I O N

No. 2503 — June 17, 2016

Petition for Review from the Superior Court, Third Judicial District, Kodiak, Steve W. Cole, Judge.

Appearances: Emily Jura, Assistant Public Defender, Kodiak, and Quinlan Steiner, Public Defender, Anchorage, for the Petitioner. Stephen B. Wallace, District Attorney, Kodiak, and Craig W. Richards, Attorney General, Juneau, for the Respondent.

Before: Mannheimer, Chief Judge, and Allard, Judge.

Judge MANNHEIMER.

Justin Patrick Isadore challenges the conditions of his bail. Isadore has satisfied his bail conditions, and he has been released from custody, but he argues that the amount of monetary bail imposed by the superior court is excessive.

Although Isadore has designated this case as an "appeal", it is instead a petition for review.

Bail orders are interlocutory orders, not final orders. And normally, a litigant has no right to "appeal" an interlocutory order — that is, no right to *require* that an appellate court review the challenged order. Instead, under Alaska Appellate Rule 402, a litigant may *petition* an appellate court to review an interlocutory order issued by a lower court — but the appellate court may, in its discretion, decline to exercise its power of review.

(We discussed this point of law in *Rozkydal v. State*, 938 P.2d 1091, 1094 (Alaska App. 1997), and again most recently in *Mund v. State*, 325 P.3d 535, 540 (Alaska App. 2014).)

Sometimes the legislature will enact a statute that grants litigants a right of appeal with respect to particular non-final orders. The bail appeal statute, AS 12.30.-030(a), is such a statute: it grants defendants the right to appeal a trial court's order setting their bail conditions. But this right of appeal is limited to defendants who remain in custody following the lower court's decision:

> *Appeal from conditions of release.* ... If a person *remains in custody* after [the bail] review provided for in AS 12.30.006(c) or (d), an appeal may be taken to the court having appellate jurisdiction over the court imposing the [bail] conditions.

(Emphasis added)

Isadore has been released from custody, so he is not entitled to appeal his bail conditions. That is, he is not entitled to demand that this Court review the conditions of his bail.

Nevertheless, Isadore is entitled to petition this Court to review the trial court's bail decision. In *State v. Browder*, 486 P.2d 925, 929-931 (Alaska 1971), the supreme court held that when a litigant wishes to raise an issue that lies within an appellate court's jurisdiction, but the litigant has no right of appeal, the litigant can still pursue a petition for review. Thus, Isadore may petition this Court to review his bail conditions — a review that this Court may, in its discretion, deny.

This Court has reviewed Isadore's petition and the State's response. Based on our review of those pleadings, Isadore's petition for bail review is DENIED.